Peter Rukin (SBN 178336)
*prukin@rukinhyland.com*
Jessica Riggin (SBN 281712)
*jriggin@rukinhyland.com*
Valerie Brender (SBN 298224)
*vbrender@rukinhyland.com*
Dylan Cowart (SBN 324711)
*dcowart@rukinhyland.com*
RUKIN HYLAND & RIGGIN LLP
1939 Harrison Street, Suite 290
Oakland, CA 94612
Tel: (415) 421-1800
Fax: (415) 421-1700

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JOHN FLEMING, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>MATCO TOOLS CORPORATION, a Delaware corporation; NMTC, Inc. d/b/a MATCO TOOLS, a Delaware corporation; FORTIVE CORPORATION, a Delaware corporation; and DOES 1-20, inclusive,<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT:**<br><br>(1) Failure to Provide Reimbursement for Business Expenses<br>(2) Failure to Pay California Overtime Compensation<br>(3) Failure to Authorize and Provide Meal and Rest Periods<br>(4) Related Labor Code Violations<br>(5) UCL Violations<br><br>**REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>(6) Civil Penalties Under Labor Code Private Attorney General Act<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff JOHN FLEMING, on behalf of himself and all others similarly situated, ("Plaintiff"), brings this action as a class action under Rule 23 of the Federal Rules of Civil Procedure and a representative action under California Labor Code Section 2699 *et seq.* Plaintiff's claims arise from his employment with Defendants Matco Tools Corporation, NMTC, Inc., d/b/a Matco Tools, and Fortive Corporation (collectively "Matco" or "Defendants"), and DOES 1-20, inclusive, and Matco's wrongful acts and/or omissions in violation of Plaintiff's statutory and other rights.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this putative class action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because the amount in controversy exceeds $5,000,000, there are more than 100 putative class members, and Plaintiff and Defendants are citizens of different states. This Court also has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and this matter is between citizens of different states.

3. Venue in this Court and in this District is proper under 28 U.S.C. § 1391(d) because Defendants conduct substantial business in Monterey County and Defendants' violations occurred in part in Monterey County.

4. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in Monterey County, a substantial part of the transactions at issue took place in this County, and Defendants' liability arose, in part, in this County.

## INTRODUCTION

5. This is an action for relief from Defendants' misclassification of their sales and service workers ("Class Members" or "Distributors") as "independent contractors." Defendants Matco Tools Corporation, NMTC, Inc., d/b/a Matco Tools, and Fortive Corporation (collectively "Matco" or "Defendants") and their affiliates (collectively "Defendants" or "Matco") manufacture and distribute mechanics tools and service equipment. Defendants retain and exercise pervasive control over their tool distribution operations, including by retaining and exercising control over Plaintiff and other Distributors, such that they are in fact Defendants'

employees under California law.

6.      By misclassifying Plaintiff and similarly situated Distributors as independent contractors, Defendants have sought to avoid various duties and obligations owed to employees under California's Labor Code and Industrial Welfare Commission ("IWC") wage orders, including: the duty to indemnify employees for all expenses and losses necessarily incurred in connection with their employment (Cal. Labor Code §2802; IWC Wage Order No. 7, §§ 8-9); the duty to pay overtime compensation for hours worked in excess of eight hours in a day or forty hours a week (Cal. Labor Code §§510, 1194; IWC Wage Order No. 7, § 3); the duty to provide off-duty meal periods (Cal. Labor Code §§ 512, 226.7; IWC Wage Order No. 7, § 11); the duty to authorize and permit paid rest periods (Cal. Labor Code §§ 226.7, 1194; IWC Wage Order No. 7, § 12); the duty to furnish accurate wage statements (Cal. Labor Code § 226 and IWC Wage Order No. 7, § 7); the duty to pay an employees all wages owed upon termination (Cal. Labor Code §§ 201-203); and unlawful collection and receipt of earned wages (Cal. Labor Code §§ 221, 400-410; IWC Wage Order &, §§ 8-9).

7.      Plaintiff challenges Defendants' policy of willfully and unlawfully misclassifying their Distributors as "independent contractors" and thereby refusing to indemnify them for employment-related expenses and losses, failing to pay them overtime compensation, wrongfully collecting compensation from wages, coercing them to purchase necessary services and items, failing to provide off-duty meal periods, failing to authorize and permit paid rest periods, and failing to document actual hours worked on pay statements as required by California law.

8.      The above-stated claims are brought pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class of Matco service and sales employees classified as Distributors (referred to collectively as "Class Members" and "Distributors") employed at Defendants' business during the period commencing four years prior to the filing of this action (the "Class Period").

## THE PARTIES

**A. Plaintiff**

9.      Plaintiff John M. Fleming resides in Santa Cruz County in California. He

COMPLAINT FOR DAMAGES AND JURY DEMAND

worked as a Distributor for Matco from July of 2012 through December of 2018. Plaintiff Fleming entered into Matco's form Distributor Agreement, under which he served as a Matco Distributor. Throughout his tenure as a Matco Distributor, Plaintiff Fleming has worked a Matco sales and distribution route in Salinas Valley, California. Plaintiff Fleming drove a Matco truck to carry out his duties for Defendants. In order to meet Matco's demands for product sales, Plaintiff Fleming routinely worked from approximately 6:30 or 7:00 a.m. and returned home at around 6:30 or 7:00 p.m., five days a week (Monday to Friday). About once month Plaintiff spent an additional 10 hours taking inventory on and organizing his truck according to Matco's expectations. In late 2016, Plaintiff's route decreased in size, and he began working from about 6:30 a.m. to 4:30 or 5:00 p.m., five days a week. And in the last year on his route, Plaintiff worked from approximately 6:30 a.m. to 4:30 or 5:00 p.m., four days a week.

**B. Defendants**

10.    Defendant Matco Tools Corporation is a Delaware corporation with its principal place of business in Ohio.

11.    Defendant Fortive Corporation is a Delaware corporation with its principal place of business in Washington.

12.    Defendant NMTC, Inc., d/b/a Matco Tools was a Delaware corporation with its principal place of business in Ohio.  NMTC, Inc., d/b/a Matco Tools was the predecessor to Matco Tools Corporation. Upon information and belief, NMTC, Inc, d/b/a Matco Tools was the entity that entered into Plaintiff and Class Members' Distributor Agreements until NMTC, Inc., d/b/a Matco Tools merged with Matco Tools Corporation and changed its name to Matco Tools Corporation in June of 2016.

13.    Matco Tools Corporation is a wholly owned subsidiary of Fortive Corporation, which was spun-off from Matco's parent in 2016. Upon information and belief, Fortive Corporation guarantees Matco Tools Corporation's obligations under the Distributor Agreement.

//

//

**FACTUAL ALLEGATIONS**

**A. Distributors Perform Work Within Matco's Usual Course of Business And Are Not Engaged In An Independent Trade, Occupation, or Business.**

14.     Defendants manufacture and distribute tools, tool boxes, service equipment, and other goods that Matco offers in its sole discretion throughout the United States, including in California.

15.     Defendants rely on Distributors to carry out Matco's business by making weekly sales and service calls to existing and prospective Matco customers through mobile distributorship stores. Matco requires that Distributors work full-time (Matco Distributor Agreement ("DA"), ¶ 3.1), and caused Plaintiff and Class Members to work more than eight hours in a day and/or forty hours in a week.

16.     Despite being labeled as "independent contractors," Distributors are not permitted to have "any interest in any business which is the same or similar to a Matco mobile tool distributorship business" DA ¶ 11.9.1.

17.     Distributors may "only sell Products and other merchandise approved by Matco" and are prohibited from "sell[ing] any products, tools, equipment or other merchandise which are competitive with" Matco's Products.  DA ¶ 3.2.  Distributors are further prohibited from selling "any product not approved in advance by Matco." *Id.*

18.     Meanwhile, Matco retains the right to sell to the same customers that Distributors sell to through commercial sales representatives, mail, internet, and telephone orders, and through Matco affiliates. DA ¶ 1.4.

19.     Matco has "established a Website for the entire system, and has offered Distributor a web page (or subpage) on Matco's website." DA ¶ 3.14. Before Distributors establish a website that "refers to the Distributorship, Marks, Matco, and/or the Business System," they must obtain Matco's prior written approval and submit a sample of the Website format and information to Matco. *Id.*

**B. Defendants Require Distributors To Sign Standard Distributor Agreements That Give Defendants All Necessary Control Over The Manner And Means By Which Distributors Perform Their Work.**

20.     As a condition of performing work for Defendants, Plaintiff and Class Members

are required to sign a Matco "Distributorship Agreement."

21.     These Distributor Agreements require Plaintiff and Class Members to work in accordance with Matco's Business System and other standards and specifications, including requirements for regular weekly customer sales calls, minimum inventory and sales levels, communications and computer software usage and other operating requirements.

22.     Under these Distributor Agreements, Plaintiff and Class Members are not free from the control and direction of Matco in connection with the performance of their work, either under the contract or in fact.

23.     Defendants' Distributor Agreements and related policy documents dictate in exhaustive and minute detail how Plaintiff and Class Members should perform their work. For example:

    a.  Upon entering into a Distributor Agreement, Distributors are provided with a List of Calls.  Distributors can only offer Matco products to those customers and potential customers listed on their List of Calls. DA ¶¶ 1.2, 3.2.

    b.  Matco requires that Distributors personally operate the Mobile Store and conduct daily operations of the Distributorship, unless Matco approves in writing in advance the operator of the Mobile Store. DA ¶¶ 1.6, 3.12.

    c.  Matco details Distributor inventory levels, requiring that Distributors "maintain a minimum inventory of Products equal to or in excess of the New Distributor Starter Inventory." DA ¶¶ 3.3. Matco also requires Distributors to maintain weekly purchase/sales at 80% of national or district averages, whichever is lower. *Id.*

    d.  Matco requires that Distributors make personal sales calls every week to each of the stops, shops or locations on the Distributor's List of Calls. It further requires Distributors to attend at least 80% of the district sales meetings that Matco schedules in or for Distributor's district each year. DA ¶ 3.4.

    e.  Distributors must "comply with all of Matco's standards and specifications for computer hardware, software, and communications" and "use all of the

features of the Matco software," which includes order entry, inventory, accounts receivable and reporting features. DA ¶ 3.7. Distributors are further required to complete all transactions "in strict compliance" with Matco's standards, specifications, and procedures. DA ¶ 3.16.

f.  Before Distributors begin working, Matco retains the right to require Distributors to successfully complete its classroom "Matco Business Systems Training (MBST) Program." DA ¶ 3.8. MBST training can include instruction on basic business procedures, purchasing, selling and marketing techniques, customer relations, basic computer operations, "and other business and marketing topics selected by Matco." Matco estimates that this training takes a minimum of seventy hours. DA ¶ 4.1.  If a Distributor has more than one Matco Distributorship, the MBST must be "successfully completed by the Operator who will operate the Distributorship." DA ¶ 3.8. Matco further retains the right to require Distributors to participate in "field training" whereby a regional trainer or district manager assists and advises the Distributor on how to perform his or her work for approximately eighty hours over a six-week period. DA ¶ 4.2. Matco also retains the right to require Distributors to attend "additional training and certification" after their MBST training. *Id.*

g.  Matco also retains the right to require Distributors to "submit to, and undergo periodic or random drug and/or alcohol testing at a facility, clinic, hospital or laboratory specified by Matco." DA ¶ 3.15.

h.  Matco requires Distributors to "operate the Distributorship in conformity with the operating procedures and policies established in the Matco Confidential Operating Manual (the "Manual"), or otherwise in writing." DA ¶ 3.10.

i.  Matco sets the prices at which Distributors "buy" Matco tools to sell to Matco's customers and retains the right to add, delete, and make changes to the Products that it offers distributors without notice or liability to the

distributors. DA ¶ 6.1. Matco's compensation system does not pay Distributors time and a half or double time for days when they work more than eight hours in a day or weeks when they work more than 40 hours in a week.

j.  Matco requires Distributors to comply with all discount programs, incentive programs, coupon programs, or other product sales or marketing programs that the company institutes. DA ¶ 6.2.

k.  Matco monitors Distributors' sales through inspection and review of Distributors' financial records. Matco requires that Distributors maintain their "books, records and accounts" in "the form designated by Matco." DA ¶ 5.2. Matco further requires the Distributor to "submit to Matco, on a weekly basis, such business reports as Matco may designate in writing." *Id.*

**C.  Defendants Dictate Distributors' Appearance And Equipment.**

24.  Matco requires that Distributors "purchase or lease a Mobile Store of the type and from a dealer or supplier approved by Matco;" "use the name MATCO TOOLS, the approved logo and all colors and graphics commonly associated with the Matco Business System on the Mobile Store in accordance with Matco's specifications;" "keep the interior and exterior of the Mobile Store in a clean condition;" and "keep the Mobile Store in good mechanical condition." DA ¶ 3.6.

25.  Distributors are prohibited from using the Mobile Store for work other than their work for Matco. DA ¶ 3.6. Distributors must also permit Matco to inspect Distributor's Mobile Store "at any time during normal business hours" and must "immediately, upon written notice from Matco, take the steps necessary to correct any deficiencies in the Distributor's business operations." DA ¶ 3.13.

26.  Matco further dictates Distributors' appearance by requiring that they "wear Matco-approved uniforms," "maintain a professional appearance," and "be clean and well-groomed while making calls on Potential Customers." DA ¶ 3.6.

**D. Defendants Require Distributors To Pay Significant Expenses As A Result Of Their Work.**

27.    Defendants also require Class Members to make substantial payments in exchange for the ability to work for Defendants.

28.    For example, Matco requires Distributors to pay approximately $50,000 or more for the minimum tool and product inventory, $799-$899 for the initial software license fee, $100-$145 for the credit card processing software, $195 for the webpage set-up fee, and $99 for the document processing fee. Defendants require Distributors to continue purchasing and maintaining a tool inventory according to their requirements.

29.    Matco also requires that Distributors purchase various forms of insurance, including comprehensive general liability insurance, vehicle liability insurance, and inland marine insurance. DA ¶ 5.3.

30.    Matco requires that Distributors "purchase or lease a new (not previously owned or refurbished) computer system that complies with the specification established by Matco (and that Matco may update periodically)." DA ¶ 3.7. Matco also requires Distributors to sign its Matco Distributor Business System Software License, Maintenance and Support Agreement (Exhibit O)("Software Agreement"), which is incorporated into the Distributor Agreement by reference. *Id.* Distributors must use "all of the features of the Matco software" in operating the Distributorship, including order entry, inventory, accounts receivable and reporting features. DA ¶ 3.7. The Software Agreement specifies that Distributors are to purchase a new laptop computer with a full 3-year warranty that meets "the exact current MDBS specifications without exception." DA, Exhibit O, ¶ 4. The Software Agreement has a term of one year and is renewed and extended for successive one-year periods if the Distributor continues to pay the annual Systems and Maintenance and Support Charges and complies with the Agreement's terms. Plaintiff entered into this agreement with Matco and extended the agreement every year through 2018 by complying with the agreement's terms and paying the Systems and Support Charges, which amounted to approximately $400-$500 every year. If Plaintiff and Class Members did not annually renew the Software Agreement through paying the annual fee, or ceased using the Matco software in their work, they were subject to termination under the provisions of the

Distributor Agreement. DA ¶¶ 3.7, 11.3.

31.     As described above, Plaintiffs and Class Members have incurred necessary, employment-related expense, including the costs of providing the Matco-approved vehicle for the Mobile Store, fuel, vehicle maintenance, uniforms, software, hardware, internet services, insurance, and tools.

**E.  The Distributor Agreement Vests Matco With The Right To Terminate Distributors For Virtually Any Reason.**

32.     Matco retains the right to terminate its relationship with Distributors at any time for virtually any reason in Matco's own business judgment, and as a practical matter constitutes an agreement for at-will employment. For example, Matco may discharge Distributors for:

a.   Violating any material term, provision, obligation, representation, or warranty contained in the distributor agreement, or any other agreement entered into with Matco. DA ¶ 11.3. This includes failing to make personal sales calls to each stop, shop, or location on the List of Calls at least weekly and if failing to attend at least 80% of the district sales meetings in any 12-month period. DA ¶ 3.4;

b.   Offering to sell any products to customers at locations not identified on the distributors' List of Calls without Matco's express written authorization. DA ¶ 11.5;

c.   Failing to submit or undergo a drug and/or alcohol test if required by Matco, or failing a drug and/or alcohol test required by Matco. DA ¶ 11.5;

d.   Attempting to transfer the Distributorship without Matco's consent. DA ¶ 11.3;

e.   Failing to make any payment due to Matco. DA ¶ 11.3;

f.   Refusing to perform a physical inventory or refusing to allow Matco to audit the Distributors' books and records. DA ¶ 11.3;

g.   If Matco determines that the Distributor has conducted themselves in a way that "materially impairs the goodwill associated with Matco, the Business System, or the Marks." DA ¶ 11.5.

33.     Matco's agreement also contains a non-compete clause, which prohibits Distributors from selling any Matco products, or products similar to Matco Products to any of Distributors' former customers, one year after they cease selling and delivering Matco products. DA ¶ 11.9.3.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action on his own behalf and as a class action on behalf of all persons who signed Distributor Agreements with Defendants in the State of California and personally operated a Mobile Store at any time within four years preceding the filing of this action.

35.     The class claims herein have been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because (1) the class is so numerous that joinder of all class members is impracticable; (2) there are questions of law and/or fact common to the class; (3) the claims of the proposed class representative are typical of the claims of the class; and (4) the proposed class representative and his counsel will fairly and adequately protect the interests of the class. In addition, the questions of law or fact that are common to the class predominate over any questions affecting only individual class members and a class action is superior to other available means for fairly and efficiently adjudicating the controversy.

    a.  Numerosity: The size of the proposed Class makes individual joinder of all members impractical. While Plaintiff does not presently know the exact number of Class Members, Plaintiff is informed and believes, and thereon alleges, that as many as 100 persons have been subjected to the unlawful practices alleged herein within four years preceding the filing of this action.

    b.  Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions that affect only individual members of the Class. These common questions of law and fact include, without limitation:

COMPLAINT FOR DAMAGES AND JURY DEMAND

i.   Whether Defendants have retained sufficient rights to control Class Members' work so as to render the Class Members employees under California law;

ii.  Whether Distributors are free from Defendants' control and direction in connection with the performance of their work, both under Defendants' contract and in fact;

iii. Whether Distributors perform work that is outside the usual course of Defendants' business;

iv.  Whether Distributors are customarily engaged in an independently established trade, occupation, or business;

v.   Whether Class Members have incurred employment-related expenses and losses in carrying out their duties for Defendants;

vi.  Whether Defendants have failed to indemnify Class Members for their necessary employment-related expenses and losses in violation of California Labor Code § 2802 and IWC Wage Order No. 7;

vii. Whether Defendants' collection and deduction of fees and requiring a cash bond violated California Labor Code §§ 221, 400-410 and IWC Wage Order No. 7;

viii. Whether Defendants have unlawfully charged Class Members fees arising from their employment with Defendants in violation of California Labor Code § 226.8(a)(2);

ix.  Whether Defendants have knowingly and intentionally failed to provide Class Members with accurate and itemized wage statements pursuant to California Labor Code § 226 and IWC Wage Order No. 7;

x.   Whether Defendants have violated California Labor Code § 1174 and IWC Wage Order No. 7 by failing to maintain documentation of the actual hours that Class Members worked each day;

xi.    Whether Defendants knew or should have known that Class Members regularly worked over 40 hours per week and/or eight hours per day;

xii.   Whether Defendants failed to pay Class Members overtime wages for time worked in excess of 40 hours per week or eight hours per day;

xiii.  Whether Defendants failed to provide Class Members with adequate off-duty meal periods and compensation for missed meal periods in violation of California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 7;

xiv.   Whether Defendants have failed to provide Class Members with adequate rest periods, separately compensated Class Members for rest periods, and compensated Class Members for missed rest periods in violation of California Labor Code §§ 226.7, 1194 and IWC Wage Order No. 7;

xv.    Whether Defendants had a policy or practice of not paying meal and rest period premiums when meal and rest periods were not provided;

xvi.   Whether Defendants have violated California Labor Code §§ 201-203 by failing, upon termination, to timely pay Class Members wages that were due for overtime and missed meal periods;

xvii.  Whether Defendants' misclassification of Class Members was willful and in violation of California Labor Code § 226.8;

xviii. Whether Defendants' failures to: (a) indemnify and reimburse Class Members for necessary employment-related expenses; (b) pay Class Members for all hours worked; (c) pay Class Members overtime compensation; (d) provide Class Members with adequate off-duty meal periods and meal period compensation; (e) provide Class Members with rest periods, separately compensated Class Members for rest periods, and provided compensation for missed rest periods; (f) provide Class Members with accurate itemized wage statements; (g)

COMPLAINT FOR DAMAGES AND JURY DEMAND

maintain documentation of the actual hours worked each day; and (h) timely pay Class Members all wages that were due upon termination, along with Defendants' collection and deduction of fees and expenses from Class Members' compensation and their willful misclassification of Class Members as independent contractors, and their charging fees and/or making deductions from Plaintiff and Class Members' compensation constitute unlawful, unfair, and/or fraudulent business practices under Cal. Business & Professions Code §17200, *et seq.*

c.  Typicality: Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class Members sustained damages arising out of Defendants' aforementioned common practice of misclassifying Distributors as independent contractors. Plaintiff, like Class Members, was a Distributor who was classified as an independent contractor under Defendants' form Distributor Agreement.

d.  Adequacy of Representation: Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will represent and protect the interests of the Class Members. Plaintiff's counsel are competent and experienced in litigating employment class actions.

e.  Superiority: Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense that numerous individual claims would entail. Class treatment will also avoid the risk of inconsistent or contradictory judgments.

## **DAMAGES**

36.  As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff and similarly situated Class Members are owed un-reimbursed necessary employment-related expenses, restitution of fees collected from compensation, overtime compensation, meal and rest period compensation, restitution of fees paid to Defendants as a condition of employment,

liquidated damages, interest, waiting time penalties, and available statutory penalties and damages, the precise amounts of which will be proven at trial.

**FIRST CAUSE OF ACTION**
**REIMBURSEMENT FOR BUSINESS EXPENSES**
**(CALIFORNIA LABOR CODE § 2802)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

37.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all Class Members.

38. While discharging their duties for Defendants, Plaintiff and Class Members have incurred and paid work-related expenses. Such expenses include, but are not limited to, the leasing or purchase of vehicles; fuel, maintenance, and other vehicle operating costs; uniforms; software; hardware; and insurance.

39.     In addition, Plaintiff and Class Members were required to purchase Defendants' tools and equipment in order to resell them to customers.

40.     Defendants failed to indemnify or reimburse Plaintiff and Class Members for these expenses and losses. In failing to indemnify or reimburse Plaintiff and Class Members for necessary expenditures or losses that were incurred as a direct consequence of their discharge of duties for Defendants and/or obedience of Defendants' direction, Defendants violated California Labor Code § 2802.

41.     Defendants' actions were willful, in bad faith, and in knowing violation of the California Labor Code.

42.     By unlawfully failing to reimburse Plaintiff and Class Members for necessary expenditures or losses, Defendants have caused Plaintiff and Class Members to suffer losses in an amount to be determined at trial. Plaintiff and Class Members are also entitled to recover reasonable attorneys' fees and costs.

//

//

//

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION**
**(CALIFORNIA LABOR CODE §§ 510, 1194, IWC WAGE ORDER NO. 7)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

43.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all Class Members.

44.     During the Class Period, Plaintiff and the Class Members worked on many occasions in excess of eight hours in a workday and/or 40 hours in a work week without being paid overtime compensation in violation of California Labor Code §§ 510, 1194 and IWC Wage Order No. 7, § 3, which require overtime compensation for non-exempt employees. The precise number of overtime hours will be proven at trial.

45.     Defendants' actions were willful, in bad faith, and in knowing violation of the California Labor Code.

46.     As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours of overtime work, in an amount to be determined at trial. Pursuant to California Labor Code § 1194(a), Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation, including interest thereon. Plaintiff and Class Members are also entitled to recover reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**UNLAWFUL COLLECTION AND RECEIPT OF EARNED WAGES**
**(CALIFORNIA LABOR CODE §§ 221, 400-410, IWC WAGE ORDER 7)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

47.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all Class Members.

48.     California Labor Code § 221 makes it unlawful for an employer to collect or receive from an employee any part of wages paid to the employee.

49.     Labor Code §§ 400-410 ("Employee Bond Law") provide the limited

circumstances under which an employer can exact a cash bond from its employees. These provisions are designed to protect employees against the very real danger of an employer taking or misappropriating employee funds held by the employer in trust.

50.     IWC Wage Order No. 7, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

51.     IWC Wage Order No. 7, § 9 states that "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer."

52.     These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

53.     Defendants' policy and practice of collecting uniform fees, software fees, computer expenses, upfront costs for tools, and other expenses from Plaintiff and Class Members' compensation violates the above-referenced sections of the California Labor Code.

54.     As a result, a result, Plaintiff and Class Members are entitled to a return of the monies paid as well as interest that has accrued, reasonable attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
### (CALIFORNIA LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 7)
### (ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)

55.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of

himself and all Class Members.

56.    California Labor Code § 226.7 states in part, "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission."

57.    California Labor Code § 512 states in part, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes," and "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

58.    IWC Wage Order No. 7, § 11 provides in part that "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes," and "[a]n employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes."

59.    If an employer fails to provide an employee with a meal period in accordance with these provisions, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

60.    Defendants have not promulgated a policy for the provision of meal breaks to Plaintiff and Class Members.

61.    Plaintiff and Class Members have regularly worked in excess of five hours a day without being provided at least a half-hour meal period in which they were relived of all duties, as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 7, § 11.

62.    By failing to provide Plaintiff and Class Members an uninterrupted, thirty-minute meal period within the first five hours of work each day, Defendants have violated the California Labor Code and applicable IWC Wage Order provisions.

63.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have never paid the one hour of compensation as a premium payment to any Class Member pursuant to California Labor Code § 226.7 for not providing proper meal periods.

64.     As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and Class Members have sustained damages, including loss of compensation resulting from missed meal periods, in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**FAILURE TO AUTHORIZE AND PERMIT REST BREAKS**
**(CALIFORNIA LABOR CODE § 226.7, 1194, and IWC WAGE ORDER NO. 7)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

65.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all Class Members.

66.     California Labor Code § 226.7 states in relevant part, "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable … order of the Industrial Welfare Commission."

67.     IWC Wage Order No. 7, § 12 provides in relevant part: "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

68.     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

69.     Upon information and belief, Defendants did not promulgate a compliant rest break policy, nor did Defendants separately compensate Distributors for rest periods.

70.     Plaintiff and Class Members have regularly worked in excess of four hours a day without Defendants authorizing and permitting them to take at least a 10-minute paid rest period, and Defendants have failed to separately pay them for the rest periods taken, as required by Labor Code §§ 226.7, 1194, and IWC Wage Order No. 7.

71.     Plaintiff and Class Members were not paid for all hours worked, and Defendants maintained no system for the recording of rest periods.

72.     Because Defendants failed to authorize and permit proper paid rest periods, they are liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not authorized or permitted. Defendants are also liable to Plaintiff and Class Members for failing to separately compensate them for rest periods, in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
**(CALIFORNIA LABOR CODE § 226 & IWC WAGE ORDER NO. 7)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

73.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all Class Members.

74.     Pursuant to California Labor Code § 226(a) and IWC Wage Order No. 7, Defendants have at all relevant times been required, semimonthly or at the time of each payment of wages, to furnish Plaintiff and Class Members accurate, itemized written statements containing all the information described in § 226 and Wage Order No. 7, § 7, including, but not limited to, the total hours worked by the employees.

75.     Defendants have knowingly and intentionally failed to comply with § 226 by knowingly and intentionally failing to furnish Plaintiff and Class Members with accurate, itemized written statements showing their actual and total hours worked.

76.     Defendants have also failed to accurately record meal periods as detailed above, to pay meal and rest period premium wages for missed meal periods, and to report those meal and rest period premium payments on wage statements.

77.     Under California Labor Code § 226(e), an employee suffering injury as a result of knowing and intentional failure of an employer to comply with § 226(a) is entitled to recover the greater of all actual damages or fifty ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, up to a maximum

1    amount of $4,000.

2        78.    In addition, upon information and belief, and in violation of IWC Wage Order No.

3    7, Defendants have failed to keep the required payroll records showing the actual hours worked

4    each day by Plaintiff and Class Members. As a direct and proximate result of Defendants'

5    actions, Plaintiff and Class Members have suffered economic harm as they have been precluded

6    from accurately monitoring the number of hours worked and thus seeking all accrued overtime

7    pay.

8        79.    As a direct and proximate result of Defendants' unlawful conduct as set forth

9    herein, Plaintiff and Class Members have been injured by not receiving the information required

10    by California Labor Code § 226(a), not being paid their overtime hours, not having records

11    showing their total hours worked, not being able to ascertain from their wage statements whether

12    or how they have been lawfully compensated for all hours worked, among other things, in an

13    amount to be determined at trial.

14        80.    Plaintiff and Class Members may recover damages and penalties provided for

15    under California Labor Code § 226(e), plus interest thereon, reasonable attorneys' fees, and

16    costs.

17    
18    **SEVENTH CAUSE OF ACTION**
**WAITING TIME PENALTIES**
**(CALIFORNIA LABOR CODE §§ 201, 202, 203)**
19    **(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

20        81.    The allegations of each of the preceding paragraphs are re-alleged and

21    incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of

22    himself and all Class Members.

23        82.    California Labor Code § 201 states that an employer is required to provide an

24    employee who is terminated all accrued wages and compensation at the time of termination.

25        83.    California Labor Code § 202 states that an employer is required to provide an

26    employee who resigns all unpaid wages within 72 hours of their resignation, or upon resignation

27    if the employee has provided at least 72 hours' notice.

28        84.    California Labor Code § 203 states that if an employer willfully fails to pay

1   compensation promptly upon discharge, as required by § 201 and § 202, then the employer is

2   liable for waiting time penalties equivalent to the employee's daily wage, for a maximum of 30

3   days.

4         85.     Plaintiff and numerous Class Members who were employed by Defendants during

5   the Class Period resigned or were terminated. Upon resignation or termination, they were not

6   paid all wages due within the statutory time period. Defendants willfully failed and refused to

7   pay timely compensation and wages for, among other things, unpaid overtime, unpaid meal and

8   rest periods, and unlawful fees.

9         86.     As a direct and proximate result of Defendants' willful conduct in failing to pay

10   Plaintiff and former Class Members for all hours worked, Plaintiff and affected members of the

11   Class are entitled to recover "waiting time" penalties of up to thirty (30) days' wages pursuant to

12   § 203, with interest thereon, and reasonable attorneys' fees and costs.

13   **EIGTH CAUSE OF ACTION**

14   **VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
   **(CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200-09)**

15   **(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

16         87.     The allegations of each of the preceding paragraphs are re-alleged and

17   incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of

18   himself and all Class Members.

19         88.     California Business & Professions Code § 17200, et seq. ("UCL") prohibits

20   "unfair competition" in the form of any unlawful, unfair, or fraudulent business act or practice.

21         89.     Beginning at an exact date unknown to Plaintiff but within four years preceding

22   the filing of this action, Defendants have engaged in unfair competition as defined by the UCL

23   by, and as further described above: (1) failing to indemnify Plaintiff and similarly situated Class

24   Members for employment-related business expenses and losses in violation of Labor Code §

25   2802 & and IWC Wage Order No. 7; (2) failing and refusing to provide meal and rest periods to

26   Plaintiff and similarly situated Class Members in violation of California Labor Code §§ 226.7

27   and 512 and IWC Wage Order No. 7, and failing to separately compensate Plaintiff and Class

28   Members for rest periods in violation of California Labor Code §§ 226.7 and 1194 and IWC

Wage Order No. 7; (3) failing to provide complete and accurate itemized wage statements in violation of California Labor Code §§ 226 & 1174 and IWC Wage Order No. 7; (4) failing to pay overtime compensation to Plaintiff and similarly situated Class Members in violation of California Labor Code §§ 510, 1194 *et seq.*, and IWC Wage Order No. 7, § 3; (5) failing to pay Plaintiff and similarly situated former Class Members all due and unpaid wages upon termination in violation of California Labor Code §§ 201–03; (6) willfully and unlawfully misclassifying Plaintiff and similarly situated Class Members as independent contractors in violation of California Labor Code § 226.8 & and IWC Wage Order No. 7; (7) charging Plaintiff and Class Members and/or making deductions from compensation for goods, materials, services, and equipment maintenance arising from their employment in violation of Labor Code § 226.8; (8) unlawfully collecting or receiving wages from Plaintiff and Class Members and requiring that Plaintiff and Class Members put up a cash bond as an investment in Defendants' business in violation of Labor Code §§ 221, 400-410 and IWC Wage Order No. 7; (9) compelling or coercing Plaintiff and Class Members to patronize Defendants in the purchase of a thing of value in violation of Labor Code § 450, including tools, computer software and hardware, and other items.

90.     Defendants' knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to its competitors, engenders an unfair competitive advantage to Defendants thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

91.     Plaintiff and similarly-situated Class Members have suffered injury in fact and have lost money as a direct and proximate result of Defendants' unfair competition, including, but not limited to, money due to them as overtime compensation, necessary expenditures or losses, unlawful fees arising from their employment, compensation for missed meal and rest periods, and waiting time penalties, which money has been acquired by Defendants by means of their unfair competition within the meaning of the UCL.

92.     Pursuant to California Business & Professions Code §§ 17200 *et seq.*, Plaintiff and Class Members are entitled to (i) restitution of all fees, wages, and compensation alleged

herein that Defendants collected, withheld, and retained during the period commencing four years preceding the filing of this action, (ii) an award of reasonable attorneys' fees pursuant to Cal. Civ. Proc. Code § 1021.5 and other applicable law, and (iii) costs. All remedies are cumulative pursuant to California Business & Professions Code § 17205.

## NINTH CAUSE OF ACTION
### CIVIL PENALTIES UNDER LABOR CODE PRIVATE ATTORNEY GENERAL ACT
### (CALIFORNIA LABOR CODE §2698 *ET SEQ.*)
### (REPRESENTATIVE ACTION)

93.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all aggrieved employees.

94.     Plaintiff, as an aggrieved employee, brings this claim under California Labor Code §§ 2698-2699 in a representative capacity on behalf of current and former Distributors of Defendants subjected to the unlawful wage and hour practices alleged herein.

95.     The California Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698 *et seq.*, grants California employees the right to bring a civil action for the violation of any provision of the Labor Code on behalf of themselves and other current or former employees in order to recover civil penalties. PAGA is intended to assist in the achievement of maximum compliance with state labor laws by empowering aggrieved employees to act as private attorneys general in order to recover civil penalties for Labor Code violations that would otherwise be prosecuted by the state. *See Arias v. Super. Ct.* (2009) 46 Cal. 4th 969, 980.

96.     PAGA permits an aggrieved employee to collect the civil penalty authorized by law and normally collectible by the California Labor and Workforce Development Agency. To address violations for which no penalty has been established, § 2699(f) creates a private right of action for aggrieved employees and a default penalty in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation. *See* Cal. Lab. Code § 2699(f).

97.     Plaintiff hereby seeks to collect these civil penalties for the above-described

Labor Code violations, including:

    a.  Under California Labor Code § 2699(f)(2), a civil penalty of one hundred dollars ($100) for Plaintiff and each aggrieved employee per pay period for the initial violation of Labor Code § 2802, for failure to indemnify employees for business expenses as alleged in Plaintiff's First Cause of Action, and two hundred dollars ($200) for Plaintiff and each aggrieved employee per pay period for each subsequent violation of Labor Code § 2802.

    b.  Under California Labor Code § 558, a civil penalty of fifty dollars ($50) for Plaintiff and each aggrieved employee per pay period for the initial violation of Labor Code § 510 for Defendants' failure to pay overtime premiums as alleged in Plaintiff's Second Cause of Action, and one hundred dollars ($100) for Plaintiff and each aggrieved employee per pay period for each subsequent violation of Labor Code § 510.

    c.  Under California Labor Code § 2699(f)(2), a civil penalty of one hundred dollars ($100) for Plaintiff and each aggrieved employee per pay period for the initial violation of Labor Code § 221, for withholding or collecting wages from employees as alleged in Plaintiff's Third Cause of Action, and two hundred dollars ($200) for Plaintiff and each aggrieved employee per pay period for each subsequent violation of Labor Code § 221.

    d.  Under California Labor Code § 2699(f)(2), a civil penalty of one hundred dollars ($100) for Plaintiff and each aggrieved employee per pay period for the initial violation of Labor Code § 226.7 for failing to provide meal periods as alleged in Plaintiff's Fourth Cause of Action, and two hundred dollars ($200) for Plaintiff and each aggrieved employee per pay period for each subsequent violation of Labor Code § 226.7 for failing to provide meal periods.

    e.  Under California Labor Code § 2699(f)(2), a civil penalty of one hundred dollars ($100) for Plaintiff and each aggrieved employee per pay period for

1    the initial violation of Labor Code § 226.7 for failing to provide rest periods

2    as alleged in Plaintiff's Fifth Causes of Action, and two hundred dollars

3    ($200) for Plaintiff and each aggrieved employee per pay period for each

4    subsequent violation of Labor Code § 226.7 for failing to provide rest periods.

5    f.    Under California Labor Code § 226.3, which provides for civil penalties for

6          violations of California Labor Code § 226(a), a civil penalty of two hundred

7          fifty dollars ($250) for Plaintiff and each aggrieved employee for the first

8          violation, and one thousand dollars ($1,000) for Plaintiff and each aggrieved

9          employee for each subsequent violation of Labor Code § 226(a) for failure to

10         provide timely, accurate, itemized wage statements, as described in Plaintiff's

11         Sixth Cause of Action.

12   g.    Under California Labor Code § 2699(f)(2), a civil penalty of one hundred

13         dollars ($100) for Plaintiff and each aggrieved employee per pay period for

14         the initial violation of Labor Code §§ 201, 202, and 203 for Defendants'

15         failure to pay earned wages upon discharge as alleged in Plaintiff's Seventh

16         Cause of Action, and two hundred dollars ($200) for Plaintiff and each

17         aggrieved employee per pay period for each subsequent violation of Labor

18         Code §§ 201, 202, and 203.

19   h.    Under California Labor Code § 226.8, a civil penalty of not less than five

20         thousand dollars ($5,000) and not more than fifteen thousand dollars

21         ($15,000) for each violation against Plaintiff and each aggrieved employee,

22         and if the court finds that Defendants have engaged in a pattern or practice of

23         violation of § 226.8(a), a civil penalty of not less than ten thousand dollars

24         ($10,000) and not more than twenty-five thousand dollars ($25,000) for each

25         violation.

26   i.    Under California Labor Code § 2699(f)(2), a civil penalty of one hundred

27         dollars ($100) for Plaintiff and each aggrieved employee per pay period for

28         the initial violation of Labor Code § 432.5, for requiring Plaintiff and Class

Members to agree to terms and conditions known to Defendants to be prohibited by law (including non-compete provisions), and two hundred dollars ($200) for Plaintiff and each aggrieved employee per pay period for each subsequent violation of Labor Code § 432.5.

    j.   Under California Labor Code § 2699(f)(2), a civil penalty of one hundred dollars ($100) for Plaintiff and each aggrieved employee per pay period for the initial violation of Labor Code § 450, for compelling or coercing Plaintiff and Class Members to patronize Defendants in the purchase of a thing of value, and two hundred dollars ($200) for Plaintiff and each aggrieved employee per pay period for each subsequent violation of Labor Code § 450.

98.    Additionally, as a result of violations under California Labor Code § 226.8(a), Plaintiff requests that the Court order Defendants to take certain steps to notify employees and the general public of the determination that they have violated § 226.8, pursuant to § 226.8(e).

99.    California Labor Code § 2699(g) further provides that any employee who prevails in an action for civil penalties is entitled to an award of reasonable attorneys' fees and costs. Plaintiff hereby seeks to recover his attorneys' fees and costs under this fee and cost shifting statute.

100.    On November 6, 2018, pursuant to California Labor Code § 2699.3, Plaintiff sent notice by certified mail to the Labor and Workforce Development Agency (LWDA) and Defendants of the specific provisions of the Labor Code that have been violated, including the facts and theories to support the violations. The LWDA received this notice on the same day, November 6, 2018. The sixty-five-day time limit for the agency to respond has expired, such that Plaintiff has exhausted his administrative remedies.

## PRAYER FOR RELIEF

101.    WHEREFORE, Plaintiff, on behalf of himself and the above-described Class of similarly situated Distributor Class Members, requests relief as follows:

    a.   Certification of the above-described Class as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.  Appointment of Plaintiff as Class Representative;

c.  Appointment of Plaintiff's Counsel as Class Counsel;

d.  Provision of class notice to all Class Members;

e.  A declaratory judgment that Defendants knowingly and intentionally violated the following provisions of law, among others:

    i.  California Labor Code § 2802 & IWC Wage Order No. 7, by failing to reimburse Plaintiff and Class Members for necessary expenditures or losses;

    ii.  California Labor Code § 221 & IWC Wage Order No. 7, by unlawfully collecting and deducting wages from Plaintiff and Class Members;

    iii.  California Labor Code §§ 226.7, 1194 and 512, and IWC Wage Order No. 7 for failing to provide off-duty meal and rest periods to Plaintiff and Class Members;

    iv.  California Labor Code §§ 201-203, by willfully failing to pay all wages owed at the time of termination of employment;

    v.  California Labor Code § 226(a) and 1174, by failing to provide itemized written statements semimonthly or at the time of payment of wages accurately showing all the information required by California law, including but not limited to total hours worked, and for failing to keep accurate payroll records;

    vi.  California Labor Code §§ 510, 1194 et seq., 1197, and IWC Wage Order No. 7, by failing to pay overtime compensation to Plaintiff and Class Members;

    vii.  California Business and Professions Code §§ 17200 et seq., by failing to pay unpaid overtime compensation due to Plaintiff and Class Members; by willfully failing to pay all compensation owed to Plaintiff and Class Members upon termination of employment; by willfully failing to provide legally compliant wage statements to

1    Plaintiff and Class Members; by requiring Plaintiff and Class

2    Members to work through their meal and rest periods without paying

3    them proper compensation; by failing to reimburse Plaintiff and Class

4    Members for necessary expenditures or losses; by willfully and

5    knowingly misclassifying Plaintiff and Class Members as independent

6    contractors for Defendants' financial gain under Labor Code Section

7    226.8; by charging Plaintiff and Class Members fees and/or making

8    deductions from compensation in violation of Labor Code Section

9    226.8; and by coercing Plaintiff and Class members to patronize

10   Defendants' business in the purchase of a thing of value in violation of

11   Labor Code § 450.

12   f.   A declaratory judgment that Defendants have knowingly and intentionally

13        violated California Labor Code §§ 201, 202, 221, 226, 226.7, 510, 512, 2802,

14        226.8, 432.5, 1194, 400-410, and 450, all of which give rise to civil penalties

15        and other remedies under the PAGA;

16   g.   A declaratory judgment that Defendants' violations as described above were

17        willful and/or knowing and intentional;

18   h.   An equitable accounting to identify, locate, and restore to all current and

19        former Class Members the overtime wages due;

20   i.   An award to Plaintiff and the Class Members of damages in the amount of

21        unpaid overtime compensation, necessary business expenses, unlawful

22        collection and deductions from wages, and meal and rest period

23        compensation, including interest thereon subject to proof at trial;

24   j.   An award of penalties owed, pursuant to Labor Code § 203, to Plaintiff and all

25        Class Members who resigned or whose employment was terminated by

26        Defendants without receiving all overtime compensation owed at the time of

27        separation;

28

k.  An order requiring Defendants to pay restitution of all amounts owed to Plaintiff and similarly situated Class Members for Defendants' failure to pay legally required overtime pay, meal and rest period pay, out-of-pocket employment-related necessary expenditures or losses, unlawful fees, and interest thereon, in an amount according to proof, pursuant to California Business & Professions Code § 17203 and other applicable law;

l.  An award to Plaintiff and the Class Members of damages and/or statutory penalties as set forth in California Labor Code § 226(e);

m.  An award to Plaintiff and the Class Members of premium wages for meal and rest periods, according to proof;

n.  An award to Plaintiff of PAGA civil penalties under Labor Code § 2699, et seq., subject to proof;

o.  An award to Plaintiff and the Class Members of reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure § 1021.5, California Labor Code §§ 226(e), 1194, 2802, 218.5, 2699(g) and/or other applicable law;

p.  An award to Plaintiff and the Class Members of such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

102.  Plaintiff, on behalf of himself and all others similarly situated, hereby demands a trial of his claims by jury to the extent authorized by law.

Dated: January 25, 2019                    RUKIN HYLAND & RIGGIN LLP


                                        By:____/s/ Valerie Brender_____
                                             Valerie Brender
                                             Peter Rukin
                                             Jessica Riggin
                                             Dylan Cowart
                                           Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND JURY DEMAND