1  Seyfarth Shaw LLP
   Christian J. Rowley (SBN 187293)
2  crowley@seyfarth.com
   Matthew A. Goodin (SBN 169674)
3  mgoodin@seyfarth.com
   Eric Lloyd (SBN 254390)
4  elloyd@seyfarth.com
   560 Mission Street, 31st Floor
5  San Francisco, California 94105
   Telephone:    (415) 397-2823
6  Facsimile:    (415) 397-8549

7  Attorneys for Defendants
   MATCO TOOLS CORPORATION, NMTC, INC. and
8  FORTIVE CORPORATION

9

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

| | |
|---|---|
| JOHN FLEMING, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>MATCO TOOLS CORPORATION, a Delaware corporation; NMTC, INC. d/b/a MATCO TOOLS, a Delaware corporation; FORTIVE CORPORATION, a Delaware corporation; and DOES 1-20, inclusive,<br><br>            Defendants. | Case No. 3:19-cv-00463-WHO<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br><br>Complaint Filed:   January 25, 2019 |

Defendants MATCO TOOLS CORPORATION, NMTC, INC. and FORTIVE CORPORATION ("Defendants"), by their attorneys, Seyfarth Shaw LLP, hereby answer Plaintiff JOHN FLEMING'S Class Action Complaint ("Complaint") and state as follows:

1.      Answering Paragraph 1 of the Complaint, Defendants aver that there are no factual allegations set forth in said Paragraph, and, thus, no response is required thereto.  To the extent a response is required, Defendants admit that Plaintiff purports to bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure and as a representative action under California Labor Code Section 2699 *et seq*. Except as expressly admitted herein, Defendants deny the remaining allegations, if any, in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.      Answering Paragraph 2 of the Complaint, the allegations set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. On that basis, Defendants deny each and every such allegation.

3.      Answering Paragraph 3 of the Complaint, the allegations set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. On that basis, Defendants deny each and every such allegation. Defendants expressly deny that venue is proper in this court, that Defendants conduct substantial business in Monterey County, and that Defendants committed any legal violations in Monterey County or elsewhere.

4.      Answering Paragraph 4 of the Complaint, the allegations set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 4 of the Complaint.

## INTRODUCTION

5.      Answering Paragraph 5 of the Complaint, Defendants admit that Plaintiff alleges that Defendants misclassify their Distributors as independent workers and that Defendant Matco Tool Corporation manufactures and sells tools. Except as expressly admitted herein, Defendants deny each and every remaining allegation, if any, in Paragraph 5 of the Complaint.

6.      Answering Paragraph 6 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law, assertions of causes of action, or legal theories not requiring a response

by Defendants and, on that basis, deny each and every such allegation. To the extent a response is required, Defendants deny all allegations, if any, in Paragraph 6 of the Complaint.

7. Answering Paragraph 7 of the Complaint, Defendants admit that Plaintiff challenges certain of Defendants' policies that Plaintiff alleges are unlawful, however, Defendants deny they currently have or enforce or previously had or enforced any of the policies or practices alleged in Plaintiff's Complaint. Except as expressly admitted herein Defendants deny each and every remaining allegation in Paragraph 7 of the Complaint.

8. Answering Paragraph 8 of the Complaint, Defendants admit that Plaintiff brings claims pursuant to Rule 23 of the Federal Rules of Civil Procedure. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 8 of the Complaint.

## THE PARTIES

### A. Plaintiff

9. Answering Paragraph 9 of the Complaint, Defendants admit that Plaintiff worked as a Distributor for Matco from approximately July of 2012 through December of 2018; that Plaintiff Fleming entered into at least one of Matco's Distributor Agreements; that throughout his tenure as a Matco Distributor, Plaintiff worked a Matco sales and distribution route in Monterey County, California; and, that Plaintiff Fleming drove a Matco truck to carry out his duties for Defendants. Defendants lack sufficient information to for a belief as to the truth of the remaining allegations in Paragraph 8 and, on that basis, deny each and every such allegation.

### B. Defendants

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

12. Defendants admit the allegations in Paragraph 12 of the Complaint.

13. Answering Paragraph 13 of the Complaint, Defendants admit that Matco Tools Corporation is a wholly owned subsidiary of Fortive Corporation and that Fortive Corporation guarantees Matco Tools Corporation's obligations under at least certain of the Distributorship Agreements. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 13 of the Complaint.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

56718593v.5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# FACTUAL ALLEGATIONS

**A.**     ***Distributors Perform Work Within Matco's Usual Course of Business And Are Not Engaged In An Independent Trade, Occupation, or Business.***

14.     Answering Paragraph 14 of the Complaint, Defendants admit that they manufacture and distribute tools, tool boxes, service equipment, and other goods throughout the United States, including in California. Defendants lack information sufficient to form an understanding as to the allegation Defendants do so "in its sole discretion" and therefore deny such allegation on that ground.

15.     Answering Paragraph 15 of the Complaint, Defendants admit that Matco Distributors make weekly sales and service calls to existing and prospective Matco customers through mobile distributorship stores. Defendants aver that the provisions of the Distributorship Agreement speak for themselves, and that actual practice may vary from the express terms as set forth in the Distributorship Agreement. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 15 of the Complaint.

16.     Answering Paragraph 16 of the Complaint, Defendants aver that the provisions of the Distributorship Agreement signed by Plaintiff speak for themselves, and that actual practice may vary from the express terms as set forth in the Distributorship Agreement. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 16 of the Complaint.

17.     Answering Paragraph 17 of the Complaint, Defendants aver that the provisions of the Distributorship Agreement signed by Plaintiff speak for themselves, and that actual practice may vary from the express terms as set forth in the Distributorship Agreement. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 17 of the Complaint.

18.     Answering Paragraph 18 of the Complaint, Defendants aver that the provisions of the Distributorship Agreement signed by Plaintiff speak for themselves, and that actual practice may vary from the express terms as set forth in the Distributorship Agreement and may vary from Distributor to Distributor. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 18 of the Complaint.

19.     Answering Paragraph 19 of the Complaint, Defendants aver that the provisions of the Distributorship Agreement signed by Plaintiff speak for themselves, and that actual practice may vary

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

from the express terms as set forth in the Distributorship Agreement and may vary from Distributor to Distributor. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 19 of the Complaint.

**B.      Defendants Require Distributors To Sign Standard Distributor Agreements That Give Defendants All Necessary Control Over The Manner And Means By Which Distributors Perform Their Work.**

20.      Defendants deny that Plaintiff and the putative Class members were "performing work" for the Defendants, but rather they were operating a franchise distributorship for Matco. Defendants deny each and every remaining allegation in Paragraph 20 of the Complaint.

21.      Answering Paragraph 21 of the Complaint, Defendants aver that the provisions of the Distributorship Agreement signed by Plaintiff speak for themselves, and that actual practice may vary from the express terms as set forth in the Distributorship Agreement and may vary from Distributor to Distributor. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 21 of the Complaint.

22.      Defendants deny the allegations in Paragraph 22 of the Complaint.

23.      Answering Paragraphs 23(a)-(k) of the Complaint, Defendants aver that the provisions of the Distributorship Agreement signed by Plaintiff speak for themselves, and that actual practice may vary from the express terms as set forth in the Distributorship Agreement and may vary from Distributor to Distributor. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraphs 23(a)-(k) of the Complaint.

**C.      Defendants Dictate Distributors' Appearance And Equipment.**

24.      Answering Paragraph 24 of the Complaint, Defendants aver that the provisions of the Distributorship Agreement signed by Plaintiff speak for themselves, and that actual practice may vary from the express terms as set forth in the Distributorship Agreement and may vary from Distributor to Distributor. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 24 of the Complaint.

25.      Answering Paragraph 25 of the Complaint, Defendants aver that the provisions of the Distributorship Agreement signed by Plaintiff speak for themselves, and that actual practice may vary

from the express terms as set forth in the Distributorship Agreement and may vary from Distributor to Distributor. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 25 of the Complaint.

26.     Answering Paragraph 26 of the Complaint, Defendants aver that the provisions of the Distributorship Agreement signed by Plaintiff speak for themselves, and that actual practice may vary from the express terms as set forth in the Distributorship Agreement and may vary from Distributor to Distributor. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 26 of the Complaint.

**D.     Defendants Require Distributors To Pay Significant Expenses As A Result Of Their Work.**

27.     Answering Paragraph 27 of the Complaint, Defendants admit that Distributors agreed to pay an initial franchise fee and other start-up costs in exchange for the right to operate a Matco Distributorship franchise, and aver that these costs may vary from Distributor to Distributor. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 27 of the Complaint.

28.     Answering Paragraph 28 of the Complaint, Defendants admit that Distributors agreed to purchase in initial tool and product inventory and other miscellaneous start-up costs in exchange for the right to operate a Matco Distributorship franchise, and aver that these costs may vary from Distributor to Distributor. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 28 of the Complaint.

29.     Answering Paragraph 29 of the Complaint, Defendants admit that Distributors agreed to purchase various forms of insurance in exchange for the right to operate a Matco Distributorship franchise, and aver that the type and costs of such insurance may vary from Distributor to Distributor. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 29 of the Complaint.

30.     Answering Paragraph 30 of the Complaint, Defendants aver that the provisions of the Distributorship Agreement signed by Plaintiff speak for themselves, and that actual practice may vary from the express terms as set forth in the Distributorship Agreement and may vary from Distributor to

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

56718593v.5

Distributor. Defendants admit that Plaintiff entered into Matco Distributor Business System Software License, Maintenance, and Support Agreement in July 2012, the terms of which speak for themselves. Defendants further admit that Plaintiff complied with the agreement each year through 2018 and paid the fees described in such Agreement each year. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 30 of the Complaint.

31.     Answering Paragraph 31 of the Complaint, Defendants admit that Plaintiff and Distributors agree to pay various costs in exchange for the right to operate a Matco Distributorship franchise. Defendants deny these costs are employment-related and further deny there exists any employment relationship between Defendants, or any of them, and Distributors, including Plaintiff. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 31 of the Complaint.

**E.     The Distributor Agreement Vests Matco With The Right To Terminate Distributors For Virtually Any Reason.**

32.     Answering Paragraphs 32(a)-(g) of the Complaint, Defendants aver that the provisions of the Distributorship Agreement signed by Plaintiff speak for themselves, and that actual practice may vary from the express terms as set forth in the Distributorship Agreement and may vary from Distributor to Distributor. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraphs 32(a)-(g) of the Complaint.

33.     Answering Paragraph 33 of the Complaint, Defendants aver that the provisions of the Distributorship Agreement signed by Plaintiff speak for themselves, and that actual practice may vary from the express terms as set forth in the Distributorship Agreement and may vary from Distributor to Distributor. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 33 of the Complaint.

## CLASS ACTION ALLEGATIONS

34.     Answering Paragraph 34 of the Complaint, the allegations set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every such allegation in Paragraph 34 of the Complaint.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

35.    Answering Paragraphs 35 of the Complaint, the allegations set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraphs 35 of the Complaint.

**DAMAGES**

36.    Defendants deny each and every allegation in Paragraph 36 of the Complaint.

**FIRST CAUSE OF ACTION**
**REIMBURSEMENT FOR BUSINESS EXPENSES**
**(CALIFORNIA LABOR CODE § 2802)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

37.    Defendants incorporate by reference their answers to each of the preceding Paragraphs in the Complaint.

38.    Defendants deny each and every allegation in Paragraph 38 of the Complaint.

39.    Answering Paragraph 39 of the Complaint, Defendants admit and aver that Plaintiff and Distributors agreed to purchase tools and equipment for resale to customers in order to make a profit from said sales in the operation of a Matco Distributorship franchise. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 39 of the Complaint.

40.    In answering Paragraph 40 of the Complaint, Defendants admit and aver that Defendants did not reimburse Plaintiff or Distributors for investment they made in order to profitably operate a Matco Distributorship franchise. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 40 of the Complaint.

41.    Defendants deny each and every allegation in Paragraph 41 of the Complaint.

42.    Defendants deny each and every allegation in Paragraph 42 of the Complaint.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION**
**(CALIFORNIA LABOR CODE §§ 510,1194, IWC WAGE ORDER NO. 7)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

43.    Defendants incorporate by reference their answers to each of the preceding Paragraphs in the Complaint.

44.    Answering Paragraph 44 of the Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegation that Plaintiff and the Class Members worked on many occasions in excess of eight hours in a workday and/or 40 hours in a work week and, on that basis, deny

8

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

such allegation. Defendants admit that Plaintiff and Class Members were not paid overtime compensation, but deny that Plaintiff or Class Members were entitled to such compensation. Except as expressly admitted and averred herein, Defendants deny each and every remaining allegation in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

**THIRD CAUSE OF ACTION**
**UNLAWFUL COLLECTION AND RECEIPT OF EARNED WAGES**
**(CALIFORNIA LABOR CODE §§ 221, 400-410, IWC WAGE ORDER 7)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

47.     Defendants incorporate by reference their answers to each of the preceding Paragraphs in the Complaint.

48.     Answering Paragraph 48 of the Complaint, Defendants aver that California Labor Code § 221 speaks for itself. The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 48 of the Complaint.

49.     Answering Paragraph 49 of the Complaint, Defendants aver that California Labor Code §§ 400-410 speak for themselves. The remaining allegations set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 49 of the Complaint.

50.     Answering Paragraph 50 of the Complaint, Defendants aver that IWC Wage Order No. 7, § 8 speaks for itself. The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 50 of the Complaint.

51.     Answering Paragraph 51 of the Complaint, Defendants aver that IWC Wage Order No. 7, § 9 speaks for itself. The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 51 of the Complaint.

56718593v.5

52.     Answering Paragraph 52 of the Complaint, the allegations set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**
**(CALIFORNIA LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 7)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

55.     Defendants incorporate by reference their answers to each of the preceding Paragraphs in the Complaint.

56.     Answering Paragraph 56 of the Complaint, Defendants aver that California Labor Code § 226.7 speaks for itself. The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 56 of the Complaint.

57.     Answering Paragraph 57 of the Complaint, Defendants aver that California Labor Code § 512 speaks for itself. The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 57 of the Complaint.

58.     Answering Paragraph 58 of the Complaint, Defendants aver that IWC Wage Order No. 7, § 11 speaks for itself. The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 58 of the Complaint.

59.     Answering Paragraph 59 of the Complaint, the allegations set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 59 of the Complaint.

60.     Defendants admit the allegations in Paragraph 60 of the Complaint, but deny they were required by law to promulgate a policy for the provision of meal breaks to Plaintiff and Class Members.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Answering Paragraph 63 of the Complaint, Defendants admit that they have not paid Plaintiff or Class Members the one-hour premium payment described in Labor Code § 226.7, but deny that such payment was required by law. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

### FIFTH CAUSE OF ACTION
### FAILURE TO AUTHORIZE AND PERMIT REST BREAKS
### (CALIFORNIA LABOR CODE § 226.7, 1194, and IWC WAGE ORDER NO. 7)
### (ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)

65.     Defendants incorporate by reference their answers to each of the preceding Paragraphs in the Complaint.

66.     Answering Paragraph 66 of the Complaint, Defendants aver that California Labor Code § 226.7 speaks for itself. The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 66 of the Complaint.

67.     Answering Paragraph 67 of the Complaint, Defendants aver that California Labor Code § 226.7 speaks for itself. The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 67 of the Complaint.

68.     Answering Paragraph 68 of the Complaint, the allegations set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 68 of the Complaint.

69.     Answering Paragraph 69 of the Complaint, Defendants admit that they did not promulgate a rest period policy and that Defendants did not separately compensate Distributors for rest period, but deny that they were required by law to do so.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Answering Paragraph 71 of the Complaint, Defendants admit that they maintained no system for the recording of meal periods but deny that they were required by law to do so. Except as

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

56718593v.5

expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 71 of the Complaint.

72.    Defendants deny the allegations in Paragraph 72 of the Complaint.

## SIXTH CAUSE OF ACTION
### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (CALIFORNIA LABOR CODE § 226 & IWC WAGE ORDER NO. 7)
### (ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)

73.    Defendants incorporate by reference their answers to each of the preceding Paragraphs in the Complaint.

74.    Defendants deny the allegations in Paragraph 74 of the Complaint.

75.    Defendants deny the allegations in Paragraph 75 of the Complaint.

76.    Defendants deny the allegations in Paragraph 76 of the Complaint.

77.    Answering Paragraph 77 of the Complaint, Defendants aver that California Labor Code § 226(a) and (e) speaks for themselves.

78.    Defendants deny the allegations in Paragraph 78 of the Complaint.

79.    Defendants deny the allegations in Paragraph 79 of the Complaint.

80.    Defendants deny the allegations in Paragraph 80 of the Complaint.

## SEVENTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (CALIFORNIA LABOR CODE §§ 201, 202, 203)
### (ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)

81.    Defendants incorporate by reference their answers to each of the preceding Paragraphs in the Complaint.

82.    Answering Paragraph 82 of the Complaint, Defendants aver that California Labor Code § 201 speaks for itself. The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 82 of the Complaint.

83.    Answering Paragraph 83 of the Complaint, Defendants aver that California Labor Code § 202 speaks for itself. The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 83 of the Complaint.

84.     Answering Paragraph 84 of the Complaint, Defendants aver that California Labor Code §§ 201-203 speak for themselves. The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

**EIGHTH CAUSE OF ACTION**
**VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
**(CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200-09)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

87.     Defendants incorporate by reference their answers to each of the preceding Paragraphs in the Complaint.

88.     Answering Paragraph 88 of the Complaint, Defendants aver that California Business and Professions Code §§ 17200 et seq. speak for themselves. The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint.

**NINTH CAUSE OF ACTION**
**CIVIL PENALTIES UNDER LABOR CODE PRIVATE ATTORNEY GENERAL ACT**
**(CALIFORNIA LABOR CODE §2698 *ET SEQ.*)**
**(REPRESENTATIVE ACTION)**

93.     Defendants incorporate by reference their answers to each of the preceding Paragraphs in the Complaint.

94.     Answering paragraph 94 of the Complaint, Defendants admit that Plaintiff purports to bring this claim under California Labor Code §§ 2698-2699 in a representative capacity on behalf of current and former Distributors of Defendants. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 94 of the Complaint.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT
56718593v.5

95.     Answering Paragraph 95 of the Complaint, Defendants aver that the provisions of The California Labor Code Private Attorneys General Act of 2004 ("PAGA"). The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 95 of the Complaint.

96.     Answering Paragraph 96 of the Complaint, Defendants aver that the provisions of The California Labor Code Private Attorneys General Act of 2004 ("PAGA"). The remaining allegations, if any, set forth therein state conclusions of law or legal theories, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny each and every allegation in Paragraph 96 of the Complaint.

97.     Answering Paragraphs 97(a)-(j) of the Complaint, Defendants admit that Plaintiff seeks to recover the penalties listed therein, but Defendants deny that Plaintiff is entitled to these or any other penalties. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraphs 97(a)-(j) of the Complaint.

98.     Answering Paragraph 98 of the Complaint, Defendants admit that Plaintiff requests that the Court order Defendants to take certain steps to notify employees and the general public of the determination that they have violated § 226.8, but Defendants deny that Plaintiff is entitled to the requested order. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 98 of the Complaint.

99.     Answering Paragraph 99 of the Complaint, Defendants aver that Labor Code § 2699(g) speaks for itself. Defendant admits that Plaintiff seeks to recover his attorneys' fees and costs pursuant to Labor Code § 2699(g), but Defendants deny Plaintiff is entitled his attorney's fees or costs under that or any other statute. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 98 of the Complaint.

100.    Answering Paragraph 100 of the Complaint, Defendants admit and aver that they received a letter from Plaintiff's attorneys that was also addressed to the Labor and Workforce Development Agency (LWDA) that described various provisions of the Labor Code that allegedly have been violated, including some alleged facts and theories to support the alleged violations. Defendants

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

56718593v.5

lack sufficient information to form a belief as to the allegation as to whether and when the LWDA received such letter. Defendants admit that as of the date of filing this Answer, the 65-day time limit for the LWDA has expired. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 100 of the Complaint.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff and the putative class members are entitled to any relief whatsoever, and further deny each and every one of the allegations and statements contained in the PRAYER FOR RELIEF section of the Complaint. Defendants further deny any and all allegations in the Complaint not specifically admitted in this Answer.

**DEMAND FOR JURY TRIAL**

Defendants contend that Plaintiff's demand for a jury constitutes a conclusions of law or legal argument, and therefore no response is required by Defendants. To the extent any response is required, Defendants deny that Plaintiff is entitled to a jury trial.

**DEFENSES**

Defendants have not completed their investigation of the facts of this case, have not completed discovery, and have not completed their preparation for trial. The defenses asserted herein are based on Defendants' present knowledge, information, and belief, and Defendants specifically reserve the right to modify, amend, or supplement any defense contained herein at any time. In addition, Defendants presently have insufficient knowledge or information as to whether they may have additional, yet unasserted, defenses. Defendants therefore expressly reserve the right to assert such additional defenses that may appear and prove applicable during the course of this litigation. Without conceding that Defendants bear the burden of proof or persuasion as to any one of these defenses, Defendants assert the following separate and independent defenses to the causes of action in the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint and each alleged claim therein fail to state a claim upon which relief can be granted against Defendants.

15

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (No Damages or Injury)

Plaintiff and the putative class members' claims are barred, in whole or in part, because they have not suffered any damage or injury by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

Plaintiff's claims and the claims of the putative class are barred in whole or part by the applicable statute(s) of limitations, including but not limited to California Code of Civil Procedure sections 337, 338(a), 340(a) and (b), California Corporations Code section 31304, and California Business & Professions Code section 17208.

## FOURTH AFFIRMATIVE DEFENSE

### (Arbitration Agreements Bar Bringing Suit)

Plaintiff, and members of the putative class he seeks to represent, have executing binding agreements to arbitrate any or all of the purported claims asserted in the Complaint. The filing of this Complaint violates such agreements to arbitrate and the Complaint should be dismissed and/or stayed and Plaintiff, and/or putative class members, should be compelled to arbitrate.

## FIFTH AFFIRMATIVE DEFENSE

### (Improper Venue)

Plaintiff, and members of the putative class he seeks to represent, have executing binding agreements requiring that the venue for any and all claims asserted by Plaintiff and the members of the putative class he seeks to represent must and will be venued exclusively in Summit or Cuyahoga County, Ohio. As a result, Plaintiff's claims and the claims of the putative class should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transferred to the proper venue.

## SIXTH AFFIRMATIVE DEFENSE

### (Set Off - Recoupment)

Defendants deny that they acted unlawfully or improperly toward Plaintiff or any person sought to be represented. However, with regard to any potential award to Plaintiff or to any person sought to be represented for alleged unpaid wages, expenses, or penalties based thereon, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all payments to Plaintiff and/or other persons sought to be represented, and/or all obligations of Plaintiff or other persons sought to be represented, owed to Defendants against any judgment that may be entered against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Credit/Offset for Tax Deductions)

Defendants deny that they acted unlawfully or improperly toward Plaintiff or any person sought to be represented. However, with regard to any potential award to Plaintiff or to any person sought to be represented for alleged unreimbursed expenses pursuant to Labor Code section 2802, Defendants are entitled under to a credit or offset to the extent that Plaintiff and/or other persons sought to be represented, deducted such costs as business expenses on their personal or business tax returns.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent that such claims have been waived, released, discharged, and/or abandoned.

## NINTH AFFIRMATIVE DEFENSE

### (Outside Salesperson Exemption)

Plaintiff's claims and those of the putative class are barred, in whole or in part, by the outside salesperson exemption pursuant to 29 U.S.C. § 213(a)(1), California Labor Code § 1171 and any applicable California Industrial Welfare Commission Wage Order.

56718593v.5

### TENTH AFFIRMATIVE DEFENSE

#### (Managerial/Executive Exemption)

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the managerial/executive exemption pursuant to 29 U.S.C. § 213 and any applicable California Industrial Welfare Commission Wage Order.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Federal Motor Carrier Act of 1935 Exemption from Overtime)

Plaintiff's claims and the claims of the putative class are barred in whole or part because they are engaged in transporting property in interstate commerce and are therefore exempt from California and federal overtime requirements pursuant to the Motor Carrier Act of 1935 (49 U.S.C. § 31502).

### TWELFTH AFFIRMATIVE DEFENSE

#### (Motor Carrier Safety Act of 1984 Preemption)

Plaintiff's claims and the claims of the putative class for meal and rest break violations are barred in whole or part because they operate property-carrying commercial motor vehicle drivers covered by the Federal Motor Carrier Safety Administration's ("FMCSA") hours of service rules ("HOS rules"). In a December 2018 Preemption Ruling, the FMCSA held California's meal and rest break laws are preempted under 49 U.S.C. 31141(c) and may no longer be enforced with respect to drivers of property-carrying commercial motor vehicles.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (California Franchise Relations Act/Franchise Investment Law/FTC Franchise Rule)

Plaintiff's claims and the claims of the putative class are barred in whole or part by the California Franchise Relations Act (Cal. Bus. & Prof. Code section 20000, et seq.), the California Franchise Investment Law (Cal. Corp. Code section 31000 et seq.) and/or the Federal Trade Commission Franchise Rule 436 (16 C.F.R. Part 436).

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Not Appropriate for Class Action)

The Complaint, and each purported claim for relief alleged, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate representative of the purported class

action; (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; (d) Plaintiff cannot establish the requisite numerosity; and (d) the individualized nature of Plaintiff's claims predominate and thus makes class action treatment inappropriate.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver of Class Claims)

The Complaint, and each purported claim for relief alleged, is not proper for treatment as a class action because Plaintiff and members of the putative class he seeks to represent have signed binding and enforceable agreements in which they waived any right to arbitrate or litigate any claims against Defendants in a class action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because the Complaint is uncertain in that the purported class action definitions are vague and ambiguous and conclusory and uncertain.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Ascertainable Class)

The purported class Plaintiff purports to represent, the existence of which is expressly denied, is not ascertainable and, thus, no well-defined community of interest exists among the purported members.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Class Action Not Superior Method of Adjudication)

The Complaint, and each purported claim for relief alleged, is barred in whole or in part, from proceeding as a class action, because a class action is not a superior method for adjudicating this dispute.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

The Complaint, and each purported claim for relief alleged, is barred for lack of subject matter jurisdiction to the extent Plaintiff and/or alleged members of the putative class lack standing to bring claims, either in an individual, class, or representative capacity.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT
56718593v.5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWENTIETH AFFIRMATIVE DEFENSE

### (Release)

To the extent Plaintiff and/or members of the putative class action have executed any release encompassing some or all of the claims alleged in the Complaint, any such claims are barred by the release(s).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims and those of the putative class members are barred in whole or in part by the doctrine of accord and satisfaction, and payment.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (De Minimis Exception to Liability)

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because the time periods for which they are claiming entitlement to overtime pay fall within the de minimis exception to liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Actual or Constructive Knowledge)

Plaintiff's claims and those of the putative class members are barred as to all hours allegedly worked for which Defendants lacked actual or constructive knowledge.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff and putative class members are barred from seeking relief to the extent they have failed to mitigate any damages, the entitlement to which is expressly denied.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Preliminary or Post-liminary Activities)

Assuming, arguendo, that Plaintiff and the putative class members are entitled to any compensation for overtime, any time spent performing any preliminary or post-liminary activities must be excluded from any calculation of compensable work hours, as such time is not compensable.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT
56718593v.5

1

2

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute Regarding Wages Owed)

3

To the extent Plaintiff and/or of the putative class members pursue claims for waiting time

4

penalties, such claims are precluded because a bona fide and good faith dispute in law and/or fact exists

5

that any wages are owed to Plaintiff and/or putative class members.

6

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

7

### (No Knowing Failure – Labor Code § 226)

8

Defendants allege that, even assuming arguendo that Plaintiff or any putative class action

9

member was not provided with an itemized accurate statement of wages and deductions, such person is

10

not entitled to recover damages because Defendants' alleged failure to comply with California Labor

11

Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section

12

226(e).

13

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

14

### (No Willful Misclassification – Labor Code § 226.8)

15

Defendants allege that, even assuming arguendo that Plaintiff or any putative class action

16

member was misclassified as an independent contractor, such person is not entitled to recover penalties

17

under California Labor Code section 226.8, because such misclassification was not a "willful."

18

## TWENTY-NINTH AFFIRMATIVE DEFENSE

19

### (No Willful Violation – Reasonable and Good Faith Belief)

20

If Defendants are found to have failed to pay Plaintiff and/or any putative member of the

21

purported class action any amount due, which allegations Defendants expressly deny, then Defendants

22

acted, at all relevant times, on the basis of an objectively and subjectively good faith and reasonable

23

belief that they had complied fully with California and federal franchise laws and wage and hour laws.

24

Consequently, Defendants' conduct was not willful within the meaning of the California Labor Code,

25

and Defendants cannot be held liable for purported liquidated damages or any extended limitations

26

period or penalties.

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

56718593v.5

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Laches)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of laches.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Estoppel)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of estoppel.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Res Judicata – Collateral Estoppel)

Plaintiff's claims, and the claims of other persons sought to be represented, or some of them, are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Conflicts of Interest)

Certain of the interests of the persons sought to be represented by Plaintiff are in conflict with the interests of Plaintiff and/or other persons sought to be represented, and such conflicts of interest are so significant and material as to preclude the maintenance of any class action and/or preclude Plaintiff from representing the interests of the other persons he seeks to represent.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Vague and Ambiguous IWC Wage Order Violates Due Process)

Plaintiff's claims based upon any California Industrial Welfare Commission Wage Order must fail because the Wage Order is unconstitutionally vague and ambiguous and violates Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Violation of the Contracts Clause - U.S. and California Constitution)

Plaintiff's claims must fail because the application of any law or court decision in a manner that would invalidate the otherwise valid Distributorship Agreements signed by Plaintiff and any putative

class member would violate the Contracts Clause of the United States Constitution (U.S. Const., art I, § 10, cl. 1) and the California Constitution (Cal. Const., art. I, § 9).

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Violation of the Dormant Commerce Clause - U.S. Constitution)**

Plaintiff's claims must fail because the application of any law or court decision in a manner that would invalidate the otherwise valid Distributorship Agreements signed by Plaintiff and any putative class member would burden or discriminate against interstate commerce in violation of the Dormant Commerce Clause of the United States Constitution.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(PAGA - Failure to Meet Rule 23 Requirements)**

Plaintiff is not entitled to pursue PAGA claims in a representative action because Plaintiff cannot meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(PAGA - Lack of Standing)**

Without certifying a class under Rule 23, Plaintiff does not have Article III standing to assert PAGA claims on behalf of other purportedly "aggrieved employees."

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(PAGA Penalties Unjust, Arbitrary, and Oppressive, or Confiscatory)**

The Plaintiff is not entitled to recover any penalties on behalf of any current or former employees whom Plaintiff purports to represent in the Complaint and/or any such penalties should be reduced by the Court, because, under the facts and circumstances of this case, any such imposition of penalties would be unjust, arbitrary and oppressive, and/or confiscatory, in accord with California Labor Code section 2699(e).

**FORTIETH AFFIRMATIVE DEFENSE**

**(PAGA Action Unconstitutional – Equal Protection)**

An award of penalties against Defendants would be an unconstitutional denial of Defendants' rights to equal protection under both the United States Constitution and California Constitution.

1

2

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (PAGA Action Unconstitutional – Separation of Powers Doctrine)

3

4

5

6

7

Prosecution of this matter as a representative action under PAGA and/or an award of penalties under PAGA against Defendants would violate the constitutionally based separation of powers doctrine by impermissibly usurping prosecutorial authority assigned to the executive branch of government by the California Constitution and impermissibly delegated by PAGA to private attorneys without essential safeguards, including continuing oversight or control by the executive branch.

8

### FORTY-SECOND AFFIRMATIVE DEFENSE

9

### (PAGA Action Unconstitutional – Separation of Powers Doctrine)

10

11

12

13

14

Prosecution of this action as a representative action under PAGA and/or an award of penalties under PAGA against Defendants would violate the constitutionally based separation of powers doctrine by impermissibly usurping the power to regulate lawyers assigned to the judicial branch of government by the California Constitution and impermissibly delegated by PAGA to private attorneys to pursue claims on terms not sanctioned by the judicial branch or the rules regulating the legal profession.

15

### FORTY-THIRD AFFIRMATIVE DEFENSE

16

### (PAGA - Unmanageability)

17

18

19

Plaintiff's PAGA claim is not suitable for representative action treatment because, among other reasons, any trial would be entirely unmanageable and cannot be tried without violating Defendants' due process rights and/or adjudicating liability as to third parties where no such liability exists.

20

### FORTY-FOURTH AFFIRMATIVE DEFENSE

21

### (PAGA - Failure to Exhaust Administrative Remedies)

22

23

24

25

26

The Complaint, and each purported claim for relief alleged, is barred because Plaintiff and/or the alleged members of the putative class and representative action and/or other groups Plaintiff purports to represent failed timely, fully and/or appropriately to exhaust their internal and/or administrative remedies before filing suit, including, but not limited to, those set forth in the California Labor Code Private Attorneys General Act, codified at California Labor Code Section 2698, et seq. ("PAGA").

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

56718593v.5

**PRAYER FOR RELIEF**

1.      That the Court denies Plaintiff's request to certify this action as a class action;

2.      That the Court denies Plaintiff's request to allow this action to proceed as a representative action under the PAGA or any other statutory basis;

3.      That Plaintiff takes nothing by reason of the Complaint and that the Complaint be dismissed in its entirety with prejudice;

4.      That judgment be entered in favor of Defendants and against Plaintiff on all claims alleged in the Complaint;

5.      That Defendants be awarded their reasonable costs of suit incurred herein;

6.      That Defendants be awarded their reasonable attorneys' fees incurred in defending this action pursuant to applicable law, including California Labor Code section 218.5 and/or any other applicable statutory attorney fee provision(s); and

7.      That the Court award Defendants such other and further relief as the Court deems just and proper.

DATED: May 20, 2019                    Respectfully submitted,

                                       SEYFARTH SHAW LLP


                                       By:  /s/ Matthew A. Goodin
                                            Christian J. Rowley
                                            Matthew A. Goodin
                                            Eric Lloyd

                                            Attorneys for Defendants
                                            MATCO TOOLS CORPORATION, NMTC, INC. and
                                            FORTIVE CORPORATION

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

56718593v.5