UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FLEMING,<br><br>    Plaintiff,<br><br>    v.<br><br>MATCO TOOLS CORPORATION, et al.,<br><br>    Defendants. | Case No. 19-cv-00463-WHO<br><br>**ORDER DENYING DEFENDANTS' MOTION TO APPLY OHIO LAW, OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS**<br><br>Re: Dkt. No. 55 |

Plaintiff John Fleming brings suit on behalf of himself and a putative class of other distributors that he asserts were misclassified as independent contractors, rather than employees, by defendants Matco Tools Corporation, NMTC, Inc., d/b/a Matco Tools, and Fortive Corporation (collectively "Matco"). Matco moves for an order enforcing the Ohio choice of law provision in Fleming's Matco Distributorship Agreements. Alternatively, if California law applies, it moves for an order staying the case pending the California Supreme Court's decision in *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, Case No. S258191, which will determine whether the ABC test from *Dynamex Operations W. v. Superior Court*, 4 Cal. 5th 903 (2018) applies retroactively.

I find that California has a materially greater interest than Ohio in the determination of the wage and hour laws at stake in this case, and therefore California law applies. Matco fails to carry its heavy burden of demonstrating that the California Supreme Court's pending decision in *Vazquez* warrants a stay at this stage, because Fleming seeks class certification no matter whether the ABC test from *Dynamex* or the alternative test from *S. G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341 (1989) applies. For these reasons, Matco's motion is DENIED.

**BACKGROUND**

Matco manufactures and distributes mechanic's tools and service equipment. Complaint

("Compl.") [Dkt. No. 1] ¶ 6. It relies on distributors to make sales and service calls to existing and prospective customers through mobile distributorship stores. *Id.*

Fleming was a distributor for Matco from July 2012 through December 2018. *Id.* ¶ 9. He claims that, by allegedly misclassifying him and similarly situated distributors as independent contractors, Matco has sought to avoid various duties and obligations owed to employees under California's Labor Code and Industrial Welfare Commission wage orders, including: the duty to indemnify employees for all expenses and losses necessarily incurred in connection with their employment; the duty to pay overtime compensation for hours worked in excess of eight hours in a day or forty hours a week; the duty to provide off-duty meal periods; the duty to authorize and permit paid rest periods; the duty to furnish accurate wage statements; the duty to pay employees all wages owed upon termination; and unlawful collection and receipt of earned wages. *Id.* ¶ 6.

On May 3, 2019, I denied Matco's motion to dismiss the Complaint and to transfer the case to Ohio. Order Denying Motion to Dismiss or Transfer Venue [Dkt. No. 35]. Matco sought a writ of mandamus from the Ninth Circuit compelling dismissal of Fleming's action or transfer it to Ohio under a forum-selection clause. The Ninth Circuit denied the petition on October 25, 2019 and the United States Supreme Court denied Matco's writ of certiorari on May 26, 2020. *In re Matco Tools Corp.*, 781 F. App'x 681, 682 (9th Cir. 2019), *cert. denied sub nom. Matco Tools Corp. v. United States Dist. Court for N. Dist. of California*, 140 S. Ct. 2806 (2020).

The class certification deadlines were extended to the following schedule: Fleming's Motion for Class Certification due October 20, 2020; Matco's Opposition due December 15, 2020; Fleming's Reply due January 19, 2021; and hearing set on February 3, 2021 at 2:00 p.m. Order Granting Stipulation to Extend Class Certification Deadlines [Dkt. No. 54]. Then on September 17, 2020, Matco moved to apply Ohio law, or in the alternative, stay proceedings. Defendants' Motion to Apply Ohio Law, or, in the Alternative, to Stay the Case ("Mot.") [Dkt. No. 55]. Fleming filed his class certification motion as planned on October 20, 2020. Plaintiff John Fleming's Motion for Class Certification and Appointment as Class Counsel [Dkt. No. 58].

**LEGAL STANDARD**

**I.  CHOICE OF LAW**

Federal courts sitting in diversity apply the laws of the forum state when analyzing choice of law provisions.  *First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1153 (9th Cir. 2015).  Fleming brought suit in the Northern District of California, so California law regarding choice of law provisions applies.  California courts analyze choice of law provisions using the framework set out in Restatement (Second) of Conflict of Laws § 187.  *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459, 464–65 (1992).

**II.  MOTION TO STAY**

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).  The Ninth Circuit has set out the following framework for evaluating whether a *Landis* stay is proper:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.  Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at 1110 (citing *Landis*, 299 U.S. at 268).

When weighing the relevant interests, the court must be mindful that "if there is even a fair possibility that the stay for which he prays will work damage to someone else," the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Lockyer*, 398 F.3d at 1112.  "Only in rare circumstances will a litigant in one cause be compelled to step aside while a litigant in another settles the rule of law that will define the rights of both."  *Id.* at 1109–10 (citing *Landis*, 299 U.S. at 255).  Moreover, "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity."  *Id.* at 1112.

3

## DISCUSSION

**I.     CHOICE OF LAW**

Under California choice of law rules, "a court must determine whether the chosen state has a substantial relationship to the parties or their transaction, or . . . whether there is any other reasonable basis for the parties' choice of law." *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1323 (9th Cir. 2012) (citing *Nedlloyd*, 3 Cal. 4th at 466). "If . . . either test is met, the court must next determine whether the chosen state's law is contrary to a fundamental policy of California.  If there is no such conflict, the court shall enforce the parties' choice of law." *Nedlloyd*, 3 Cal. 4th at 466.  However, if there is a fundamental conflict with California law, then a court determines whether California has a "materially greater interest than the chosen state in the determination of the particular issue." *Id.* (citing Rest. (Second) of Conflicts of Laws, § 187(2)).  "If California has a materially greater interest than the chosen state, the choice of law shall not be enforced, for the obvious reason that in such circumstance we will decline to enforce a law contrary to this state's fundamental policy." *Id.*

There is no dispute that there is a reasonable basis for the application of Ohio law given that Matco is headquartered in Ohio, nor that California and Ohio law differ in fundamental respects.  The disposition of this motion turns on whether California has a materially greater interest in the issues implicated here than Ohio. *Nedlloyd*, 3 Cal. 4th at 466.

California courts and the Ninth Circuit have repeatedly held that California has a materially greater interest in the application of its laws than the chosen state where, as here, the enforcement of a choice of law provision would abrogate provisions of the Labor Code. *See Pinela v. Niemen Marcus Group, Inc.*, 238 Cal. App. 4th 227, 251–52 (2015).  As the California Court of Appeal explained:

> Faced with a conflict between California and Texas law, we turn to which state, California or Texas, has a greater interest in enforcement of its law in this circumstance.  We acknowledge the value and efficiency to NMG of having a predictable, uniform wage-and-hour regime wherever it does business nationally, and we do not minimize the priority Texas may place on providing a hospitable legal climate for Texas-based employers that is conducive to such uniformity. But when weighed against the countervailing interest of California in ensuring that its statutory protections for California-based workers

>are not selectively disabled by out-of-state companies wishing to do business in this state, we think California has the materially greater interest. That being the case, the parties' choice of Texas law will not be enforced 'for the obvious reason' that it would be contrary to 'fundamental policy' in California to do so.

*Id.* at 257.

The reasoning in *Pinela* controls here. The California Legislature and California courts have emphasized the importance that California places on the enforcement of these worker protective statutes. *See, e.g.*, *Davis v. Farmers Ins. Exchange*, 245 Cal. App. 4th 1302, 1331 (2016) (holding that "wages an employer owes its employees are accorded 'a special status' under California law"; "full and prompt payment of wages due an employee 'is a fundamental public policy of this state'"); *Sonic Calabasas v. Moreno*, 57 Cal. 4th 1109, 1131 (2013) ("[T]he lawful payment of wages owed is not merely an individual right but an important public policy goal."). The California wage and hour laws at issue in this case provide critical protections to California-based workers, including the right to reimbursement of expenses, a prohibition on unlawful deductions from wages, the right to daily overtime, the right to be paid all owed wages promptly upon separation from employment, and the right to take meal and rest breaks.

Matco argues that its status as a franchisor gives Ohio an equally important interest in the resolution of this matter. Mot. 7–8. The Ninth Circuit has rejected this argument in *Bridge Fund Capital Corp. v Fastbucks Franchise Corp.*, 622 F.3d 996, 1004 (9th Cir. 2010), as Fleming points out. *Bridge* involved franchises that operated in California by California citizens; the Ninth Circuit addressed whether Texas or California had the greater material interest in enforcing unconscionability and fraud laws. The Ninth Circuit considered that "Texas certainly has a significant general interest in enforcing contracts executed there and by its citizens . . . and protecting its franchisors"—but found "no evidence . . . suggesting that Texas has a significant policy of protecting its franchisors from the impacts of the laws of other states in which those franchisors have franchise outposts." *Bridge*, 622 F.3d at 1004. It concluded that California has a "substantial, case-specific interest in protecting its resident franchisees from losing statutory protections against fraud unfair business practices." *Id.*; *see e.g. Cantran Grp., Inc. v. Cups, LLC*, No. 218CV02044SVWRAO, 2020 WL 4873564, at *3–4 (C.D. Cal. Jul. 1, 2020) (finding that

application of foreign state's choice of law clause would impair California's interest in fraud protection and applying California law to the dispute).

Matco is correct that *Bridge* held California had a "substantial, case-specific interest" in applying its law, and does not announce a blanket rule favoring franchisees over franchisors in any dispute over a choice of law clause. *Bridge*, 622 F.3d at 1004. But while *Bridge* did not issue a blanket rule favoring franchisees over franchisors in any dispute over a choice of law clause, given the circumstances of this case it is clear that California has a "substantial, case-specific interest" in protecting its resident franchisees from losing statutory worker protections.

Matco also argues that the California Supreme Court's decision in *Patterson v. Domino's Pizza, LLC*, 60 Cal. 4th 474, 489 (2014) reflects an appreciation that the very existence of franchising depends upon strict uniformity in the relationships between a franchisor and franchisees. Mot. 7. But *Patterson* was not a wage and hour case, and it did not address any choice of law issue. The Ninth Circuit recently rejected a franchisor's attempt to apply "a gloss from *Patterson*" to wage and hour claims. *Vazquez v. Jan-Pro Franchising Int'l, Inc.,* 923 F.3d 575, 594 (9th Cir.), *reh'g granted, opinion withdrawn on other grounds*, 930 F.3d 1107 (9th Cir. 2019). Just as "the franchise context does not alter the *Dynamex* analysis", I am not convinced that it would alter the choice of law analysis, or California's material interest in enforcing its worker protection statutes. *Id.* at 595.[1]

I find that California has a materially greater interest than Ohio in the determination of the particular issues in this case. Matco's motion to apply Ohio law is DENIED.[2]

---

[1] Matco's counterargument in reply is also unconvincing. It cites a case outside of this Circuit to argue that it restores some of the *Patterson* "gloss" insofar as it makes clear that franchises employ a unique business model, the very existence of which relies on uniformity in the relationships between franchisors and franchisees. *See Patel v. 7-Eleven, Inc.*, No. 17-11414-NMG, 2020 WL 5440623, at *7 (D. Mass. Sept. 10, 2020)). In that case, the District of Massachusetts ruled that the ABC test did not apply to a franchisor because the Massachusetts Independent Contractor Law ("ICL") conflicts with the Federal Trade Commission ("FTC") Franchise Rule, 16 C.F.R. § 436.1 et seq. *Patel*, 2020 WL 5440623, at *7. That case involved different circumstances and is not controlling.

[2] Fleming alternatively argues that California Labor Code section 925(a) voids Matco's choice of law clause such that California law, not Ohio law, should apply. Because the traditional California choice of law analysis is dispositive of this motion, I need not address the parties' arguments related to California Labor Code section 925(a).

6

## II. MOTION TO STAY

Given that California law applies, Matco requests a stay of proceedings pending the California Supreme Court's decision in *Vazquez* on whether the ABC test from *Dynamex* applies retroactive to April 30, 2018, the date of its publication. *See Vazquez v. Jan-Pro Franchising Int'l, Inc.*, No. 17-16096, 2019 WL 4648399 (9th Cir. Sep. 24, 2019) (withdrawing ruling and certifying question to California Supreme Court); *see Vazquez v. Jan-Pro Franchising Int'l, Inc.*, No. S258191 (Cal. Nov. 20, 2019) (granting the Ninth Circuit's request for certification).

"[A] district court possesses the inherent power to control its docket and promote efficient use of judicial resources" by staying proceedings. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis*, 299 U.S. at 254–55). This power may be exercised to stay a case "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)); *Stone v. Sterling Infosystems, Inc.*, No. 2:15-CV-00711-MCE, 2015 WL 4602968, at *2 (E.D. Cal. Jul. 29, 2015) (a stay is appropriate in an action where the outcome of another case may substantially affect it). In considering whether to exercise its discretion to grant a stay, a court should weigh the three "*Landis*" factors: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

Matco cites examples of other cases adjudicating independent contractor misclassification issues that have been stayed in light of *Vazquez*—a Ninth Circuit case, two district court cases at the summary judgment stage, and one case at the class certification stage. Mot. 11; *see Lawson v. Grubhub, Inc.*, No. 18-15386, 2019 WL 5876923, at *1 (9th Cir. Sept. 26, 2019) ("Proceedings in this appeal are stayed pending a decision by the California Supreme Court on the question certified in [*Vazquez*]."); *Goro v. Flowers Foods, Inc.*, No. 17-CV-2580 JLS (JLB), 2020 WL 804841, at *4 (S.D. Cal. Feb. 18, 2020) (declining to proceed with cross motions for summary judgment); *Bruers v. Flowers Foods, Inc.*, No. 818CV01442JLSADS, 2019 WL 5867434, at *5

7

(C.D. Cal. Aug. 7, 2019) (declining to proceed with plaintiff's motion for summary judgment on defendants' affirmative defense that plaintiff was not an employee); *Henry v. Cent. Freight Lines, Inc.*, No. 216CV00280JAMEFB, 2019 WL 5960140, at *3 (E.D. Cal. Nov. 13, 2019) (declining to proceed with class certification under the assumption the California Supreme Court will apply the ABC test retroactively). It primarily focuses on the Southern District of California's reasoning in *Goro*, which declined to proceed with cross motions for summary judgment pending the California Supreme Court's decision in *Vazquez*.³

In *Goro*, independent contractor delivery drivers who performed work pursuant to their contracts did so both before and after the publication of *Dynamex*. In balancing the hardship or inequity between plaintiffs and defendants, the court noted that a stay could result in the loss or deterioration of evidence causing prejudice to plaintiffs, but it found plaintiffs' other concerns unconvincing. 2020 WL 804841, at *2. It held that the length of stay was not prejudicial "because the California Supreme Court has now granted the Ninth Circuit's request and will answer the question expeditiously, any wait for an answer to this important issue would be neither indefinite nor unreasonable." *Id.* Further, "the fact that [p]laintiffs ha[d] not moved for a preliminary injunction to stop the alleged harm and did not file their case for several years after the alleged harm began lessen[ed] the Court's concerns about delaying prospective relief and the harm continuing." *Id.* The court agreed with defendants that moving forward without a clear answer on the *Dynamex*'s retroactivity "could result in [the Parties] unnecessarily expend[ing] resources engaging in motion practice and planning and preparing for trial . . . [based] on the wrong standard," and ultimately "would cause unnecessary work for the Parties (and the Court), amounting to a hardship in this case." *Id.* at *3 (internal quotation marks omitted).

Unlike *Goro*, Matco has not "made a 'clear case of hardship' absent a stay." 2020 WL 804841, at *3. Fleming states that he will argue that class certification is appropriate here because

---

³ Matco requests judicial notice of the underlying complaint and defendants' motion for partial summary judgment in *Goro*. Request for Judicial Notice in Support of Defendants' Motion to Apply Ohio Law, or, in the Alternative, to Stay the Case [Dkt. No. 55-5]. Matco only cites to these documents in a single footnote in its motion. Mot. 11. n.5. Because I need not rely on the documents to resolve this motion, Matco's request is DENIED.

8

there are common, predominant questions regarding whether Matco is an employer under *either* of the two tests articulated in *Borello* and *Dynamex*. He likewise intends to prove that Matco is an employer under either test. It makes little sense to await guidance relating to the ABC test from *Dynamex* when it is just one of at least two available tests that Fleming pursues at this stage.

Most of the cases cited by Matco that have agreed to stay proceedings in light of *Vazquez* have done so at the summary judgment stage, including *Goro*. Notably, the single case Matco cites that agreed to stay at the class certification stage, *Henry*, did not address the possibility of arguing the *Borello* and *Dynamex* tests in the alternative. Plaintiff in that case opposed a stay because it argued that "the California Legislature has definitively mandated that the ABC Test is retroactive with the passage of Assembly Bill 5 ("AB-5")." *Henry*, 2019 WL 5960140, at *2. The court found that "[t]he chronology of events cuts against this argument" because "[t]he Ninth Circuit certified the question to the California Supreme Court *after* Governor Newson signed AB-5 into law," and "both the Ninth Circuit and other district courts have stayed proceedings pending resolution of this issue." *Id.* (emphasis in original). It concluded that "[p]roceeding with class certification under the assumption the California Supreme Court will apply *Dynamex* retroactively could very well lead to inefficiencies and a waste of resources for both the parties and the Court." *Id.* at *3; see also Ludlow v. Flowers Foods, Inc.*, No. 18-CV-1190 JLS (JLB), 2020 WL 773253, at *3 (S.D. Cal. Feb. 18, 2020) (granting stay of proceedings and denying plaintiffs' class certification motion without prejudice; rejecting plaintiffs' contention that "the *Borello* and ABC tests have significant overlap, making the determination as to which test applies insignificant to the ultimate outcome").

Here, Fleming intends to seek class certification under either the *Dynamex* ABC test or the *Borello* test. I agree with Matco that the two tests are different, and that courts have described *Dynamex* as a "sea change" that "upset a settled legal principle." That does not explain why a stay is necessary given that Fleming will be seeking class certification under either test. *W. States Trucking Ass'n v. Schoorl*, 377 F. Supp. 3d 1056, 1067 (E.D. Cal. 2019); *Lawson v. Grubhub,*

*Inc.*, No. 15-CV-05128-JSC, 2018 WL 6190316, at *4 (N.D. Cal. Nov. 28, 2018).[4]

Matco has failed to meet its burden to "make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. By contrast, Fleming raises legitimate concerns about granting a stay. Matco states that it is amenable to completing pre-certification discovery on the current schedule so that Fleming's certification motion can be promptly litigated after the stay is lifted, but Fleming explains that delaying "merits discovery" and the gathering of evidence will undoubtedly prejudice him and the putative class. *See I.K. v. Sylvan Union Sch. Dist.*, 681 F. Supp. 2d 1179, 1193 (E.D. Cal. 2010) ("Another form of potential damage to Plaintiffs if this case is stayed is the inability, during the stay, to conduct timely discovery and gather evidence . . ."). Staying discovery will merely delay—not moot—the work that needs to be done in this case.

After considering the case law and the competing interests at issue, I find discretion is best exercised to DENY Matco's request for a stay at this time. If the class is certified only under the ABC test from *Dynamex,* and the California Supreme Court has not decided *Vazquez* by then, Matco may have better results with a renewed motion to stay.

**CONCLUSION**

For the foregoing reasons, Matco's motion to apply Ohio law is DENIED and its

---

[4] Matco undermines Fleming's reliance on the Central District of California's decision in *Novoa v. GEO Grp., Inc.*, No. EDCV172514JGBSHKX, 2019 WL 7195331, at *17 (C.D. Cal. Nov. 26, 2019) for the proposition that courts have had little trouble navigating certification and liability determinations despite the anticipated *Vazquez* ruling. Fleming argues that the *Novoa* court found that whether a defendant "may be deemed an 'employer' under the alternative definitions" of the term [e.g. *Borello* and *Dynamex* tests] is a common question supporting class certification." *Novoa*, 2019 WL 7195331, at *17. But, as Matco points out, *Novoa* did not address *Dynamex* or the applications of the ABC test. Instead, the court considered whether the defendant "may be deemed as 'employer' under the alternative definitions in *Martinez v. Combs*," the seminal California case concerning joint employment, not independent contractor misclassification, in the context of Wage Order claims. *Novoa*, 2019 WL 7195331, at *17; *see Martinez v. Combs*, 49 Cal. 4th 35, 65 (Cal. 2010). Thus the "alternative definitions" referenced by the court speak to the different definitions contemplated by the *Martinez* test.

While it appears that *Novoa* has little bearing on this case, Matco still does not provide an adequate rebuttal to why this case cannot proceed with class certification if Fleming is pursuing certification under either the *Borello* test or the ABC test from *Dynamex*.

10

alternative motion to stay proceedings is also DENIED.

**IT IS SO ORDERED.**

Dated: November 3, 2020



William H. Orrick
United States District Judge