UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FLEMING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATCO TOOLS CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 3:19-cv-00463-WHO<br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**<br><br>Re: Dkt. Nos. 106 |

On April 27, 2022, the Court held a final fairness hearing on the settlement reached in this matter. The unopposed motion brought by Plaintiff for Final Approval of Class Action Settlement came on for hearing. Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court grants final approval of the settlement as detailed below.

1.　　For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Class and Collective Action Settlement Agreement and Release of Claims (available at Ex. 1 to the Declaration of Peter Rukin in Support of Motion for Preliminary Approval of Class Action Settlement, ECF No. 97-1) ("Agreement") unless a different definition is set forth in this Order.

2.　　The Court has reviewed the Declaration of Madely Nava of ILYM Group, Inc. ("ILYM Decl.") in support of Plaintiff's Motion for Final Approval and finds that the Notice of Class Action Settlement has been disseminated to Class Members in compliance with the Court's Preliminary Approval Order and that it provided the best notice to Class Members practicable under the circumstances, fully satisfied due process, met the requirements of Rule 23 of the Federal Rules of Civil Procedure, and complied with all other applicable laws.

3.　　The Court has not received any objections to the Agreement.

4.　　No Settlement Class Member has requested to speak at the Fairness Hearing.

5. The Court finds that the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have been satisfied, and the Court finally approves the settlement of this Action as memorialized in the Agreement, which is incorporated herein by this reference, as being fair, just, reasonable, adequate, is in the best interests of the Settlement Class and its members, and fully and finally resolves all such claims.

6. The release set forth in the Agreement will become binding and effective on the Settlement Class upon entry of this Final Approval Order. The release provisions of the Agreement are copied in full below for clarity:

> **1.41. "Released Class Claims"** refers to those claims alleged in the Complaint and/or the Amended Complaint, as well as all claims arising from the California Labor Code, wage orders and applicable regulations that could have been raised based on the facts alleged, including: claims under Labor Code sections 201-203, 204, 206, 210, 216, 218, 218.5, 221-224, 225.5, 226, 226.2, 226.3, 226.7, 226.8, 227, 400-410, 432.5, 450, 510, 511, 512, 515, 517, 552, 558, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1198.5, 1194.2, 1199, and 2802, as well as claims under California Business and Professions Code Section 17200 *et seq.* and/or Labor Code Section 2698 *et seq.* based on alleged violations of the above Labor Code provisions, the Fair Labor Standards Act (29 U.S.C. Section 201, *et seq.*) and the applicable provisions of IWC Wage Order No. 7. The Released Class Claims shall apply to all Class Members who do not timely file a Request for Exclusion.

> **1.42. "Released PAGA Claims"** refers to any civil penalty claims under the Private Attorneys General Act, Labor Code section 2699 *et seq.* ("PAGA"), predicated on the claims alleged in the Complaint, as well as all PAGA claims predicated on the Labor Code statutes contemplated by the Released Class Claims and based on the primary rights of those statutes.

**7.1. Releases by Settlement Class Members.** By operation of the entry of the Final Approval Order and Judgment, and except as to rights this Agreement creates, each Settlement Class Member, and any of their agents, releases Defendants and all of their present and former parent companies, subsidiaries, affiliates, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors and assigns ("Released Parties"), from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, action or causes of action alleged in the Complaint, as well as all claims arising from the California Labor Code, wage orders and applicable regulations that could have been raised based on the facts alleged, including: claims under Labor Code sections 201-203, 204, 206, 210, 216, 218, 218.5, 221-224, 225.5, 226, 226.2, 226.3, 226.7, 226.8, 227, 400-410, 432.5, 450, 510, 511, 512, 515, 517, 552, 558, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1198.5, 1194.2, 1199, and 2802, as well as claims under California Business and Professions Code Section 17200 et seq. and/or Labor Code Section 2698 et seq. based on alleged violations of the above Labor Code provisions, the Fair Labor Standards Act (29 U.S.C. Section 201, et seq.) and the applicable provisions of IWC Wage Order No. 7 (the "Released Class Claims"). Settlement Class Members shall further agree to waive their right to pursue individual lawsuits or arbitrations as to any of the Released Class Claims against the Released Parties to the extent such Released Class Claims accrued during the Class Period.

Additionally, John Fleming, on behalf of himself, and as a private attorney general on behalf of the State of California and all other Aggrieved Employees, releases the Released Parties from any civil penalty claims under the Private Attorneys General Act, Labor Code section 2698 *et seq.*, predicated on the claims alleged in the Complaint or Amended Complaint, as well as all PAGA claims predicated on the above listed Labor Code statutes based on the primary rights of those statutes.

In addition to the claims enumerated above, a Settlement Class Member who

endorses his or her Individual Settlement Payment check by signing the back of the check and depositing or cashing the check shall release and forever waive any and all claims the Settlement Class Member may have based on facts alleged in the Complaint or Amended Complaint for violations of the Fair Labor Standards Act; and any and all claims for restitution, including without limitation back pay, attorneys' fees and costs, interest, and liquidated damages under the FLSA.

As to the Released Claims only, each Settlement Class Member waives all rights provided by California Civil Code section 1542, which states:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

**7.2. Additional Release by Class Representative, Aguilera and Goro.** In addition to the releases given by each Settlement Class Member, Plaintiff, Aguilera and Goro, and each of them, also generally release all claims against each Released Party. This general release includes claims arising from the Plaintiff's, Aguilera's or Goro's respective relationships with Defendants, including, without limitation, claims for discrimination, harassment, or retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000 *et seq.*, the California Fair Employment and Housing Act, California Gov't Code Section 12900 *et seq.*, or any claims for violation of public policy, or claims arising from the California Labor Code and the FLSA. This general release by Plaintiff, Aguilera and Goro also includes a waiver of rights under California Civil Code Section 1542, which states:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

4

       This release from Plaintiff, Aguilera and Goro is only effective upon the Court granting final approval of the Settlement and only applies to claims that may be released as a matter of law. This release also does not include future claims that arise after final approval.

       **7.3. Release by Defendants.** As part of the Debt Forgiveness component of the Settlement, Defendants release Settlement Class Members who are former Matco Tools distributors as of September 8, 2021 from any claim based on an unpaid tool bill balance as of September 8, 2021, including any interest that may accrue through the date of Preliminary Approval.

    7. With respect to the FLSA release, the back of all Individual Settlement Payment checks will provide that Settlement Class Members who endorse their Individual Settlement Payment check by signing the back of the check and depositing or cashing the check will opt in to the FLSA Release.

    8. The Settlement Administrator is hereby directed to implement and carry out the Agreement in accordance with the terms and provisions thereof.

    9. Defendants shall make the payments, i.e. the Cash Component, as specified in the Agreement. Defendants shall also update their records to reflect the Debt Forgiveness provided to Settlement Class Members extinguishing their debts owed.

    10. As of the Effective Date, this Order shall operate to amend the Matco Tools Distributorship Agreements of Settlement Class Members who are current Matco Tools Distributors as follows: a) the Matco Tools Distributorship Agreement of each Settlement Class Member who is a current California Matco Tools distributor, and who is not a Matco Tools Charter Distributor, is hereby deemed amended by the Amended Terms (Exhibit A to Dkt. No. 108-3), on behalf of the Settlement Class Member and any business entity they control in whole or in part in connection with their distributorship; and b) the Matco Tools Distributorship Agreement of each Settlement Class Member who is a current California Matco Tools Charter Distributor is hereby deemed amended by

5

1 the Amended Charter Terms (Exhibit B to Dkt. No. 108-3), on behalf of the Settlement Class Member and any business entity they control in whole or in part in connection with their distributorship. Current California Matco Tools Distributors whose Matco Distributorship Agreements are hereby deemed amended by the Amended Terms (Exhibit A to Dkt. No. 108-3) are identified in Exhibit C to Dkt. No. 108-3. Current California Matco Tools Charter Distributors whose Matco Tools Distributorship Agreements are hereby deemed amended by the Amended Charter Terms (Exhibit B to Dkt. No. 108-3) are identified in Exhibit D to Dkt. No. 108-3.

11. The Court further finds that the requested payment to the Settlement Administrator, ILYM Group, and their stated expenses of $10,000 are reasonable and shall be paid consistent with the Agreement (section 5.1).

12. Plaintiff has requested approval of a payment from the aggregate settlement fund of $187,500 to the California Labor and Workforce Development Agency (LWDA) in settlement of the Plaintiff's PAGA claims. The Court finds that this LWDA payment is fair, adequate, and reasonable and approves a payment to the LWDA in the amount of $187,500.

13. There being no just reason for delay, the Court, in the interests of justice, judgment will be entered in accordance with this order.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation and administration of the Agreement; and (b) the Parties and the Settlement Class Members for the purpose of construing, enforcing, and administering the Agreement and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED.**

Dated: April 29, 2022



William H. Orrick
United States District Judge